## Shisler *versus* Vandike et al.

1. Where a fraud is of such a character as to involve a crime, the ratification of the act from which it springs is opposed to public policy and cannot be permitted.

2. When the endorsement of a note is forged, such endorsement cannot be ratified by the person whose name is forged, as the act is criminal and against public policy.

3. McHugh *v.* Schuylkill Co., 17 P. F. Smith 391, followed.

January 13th 1880. Before Sharswood, C. J., Mercur, Gordon, Paxson and Trunkey, JJ. Sterrett and Green, JJ., absent.

Error to the Court of Common Pleas, No. 2, of *Philadelphia county :* Of January Term 1879, No. 149.

Assumpsit by George H. Vandike and Theophilus G. Vandike, trading as George H. Vandike & Co., against John A. Shisler, as endorser of a promissory note, dated July 2d 1875, at four months, for $1500, drawn by Catharine Shisler to the order of George A. Shisler, and endorsed by George A. Shisler, Charles Shisler and John A. Shisler.

At the trial it appeared, both by the evidence of plaintiffs and of George A. Shisler, who was called for the defendant, that the note in suit was given by George A. Shisler to pay an indebtedness of said George to plaintiffs. The latter testified that they had sent for John A. Shisler and showed him the note, and that he denied that it was his endorsement, but said that he had authorized his brother to endorse for him, and that he considered himself liable under that name, and declared that his name was not John A., but John V. Shisler. A salesman of Vandike & Co. testified that he was present at this interview, and heard one of the Shissler brothers say that they did not sign the note, but authorized their signatures to be put thereon. The defendant testified that he did not endorse the note nor authorize any one to do so for him, and that he had never admitted that he had authorized George to endorse for him. George Shisler, called for the defendant, testified : "I brought my two brothers to Mr. Vandike's to get the note; they both knew of this note before this interview; I did not endorse the names on the back of the note; never told Vandike that I was authorized to endorse the note; I thought they were genuine signatures. At the interview in Vandike's store, heard my brother John distinctly state to George Vandike that he authorized the signature to that note."

The defendant, inter alia, submitted the following point : "If you believe that the name of John V. Shisler was endorsed by another person without his authority, and that he subsequently, without any new consideration, ratified or confirmed it, your verdict must be for the defendant."

[Shisler *v.* Vandike.]

The court declined to affirm this point, and in the general charge, inter alia, said, "that the theory of the plaintiffs was that George signed the note as his brother's agent, either with his previous authority or a subsequent ratification, and if the jury believe that view of the evidence, the act was capable of ratification."

The court also charged; "I instruct you that you may disregard the matter of consideration, the evidence being that the plaintiffs took the note in satisfaction of the debt."

The verdict was for plaintiffs. After judgment, defendant took this writ, and alleged that the court erred in the answer to the above point, and in the portion of the charge noted.

*Edwin S. Dickson* and *Nathan H. Sharpless*, for plaintiffs in error.—The court, in saying that the plaintiffs received the note in satisfaction of a debt, took the question of fact from the jury. The court was asked to charge, in substance, that if the endorsement was a forgery, and the ratification or confirmation relied on by the plaintiffs was without any new consideration, the plaintiffs could not recover. That this proposition is sound in law is distinctly ruled in McHugh *v.* County of Schuylkill, 17 P. F. Smith 391. The court should have simply affirmed defendant's point.

*P. F. Rothermel*, for defendants in error.—To sustain the position that the doctrine, "a subsequent ratification is equal to a prior command," does not apply in this case, the defendants cite a single authority : McHugh *v.* County of Schuylkill, a case standing by itself, unsupported by any decision, and since overruled. The opinion therein was based upon three cases: Duncan *v.* McCullough, 4 S. & R. 483 ; Chamberlain *v.* McClurg, 8 W. & S. 31, 36, and Goepp's Appeal, 3 Harris 428, all of which were expressly overruled in Negley *v.* Lindsay, 17 P. F. Smith 217, a case decided a few months previous to McHugh *v.* County of Schuylkill, and reported in the same volume of reports.

In Negley *v.* Lindsay, *supra*, it was held, "Where a contract is void on the ground of public policy, or against a statute, its confirmation is affected with the original taint." "Where a contract is void on account of fraud practised on the party, it may be confirmed or ratified without a new contract, founded on a new consideration."

Mr. Justice GORDON delivered the opinion of the court, January 26th 1880.

There was no error committed by the court in saying to the jury, "I instruct you that you may disregard the matter of consideration, the evidence being that the plaintiffs took the note in satisfaction of the debt."

There seems to have been no dispute about this on the trial ;

[Shisler *v.* Vandike.]

the whole evidence most clearly proves that the note was intended to apply upon the indebtedness of George A. Shisler to the plaintiffs, and for that purpose it was endorsed, if indeed it were endorsed at all. It was not a pledge of the note as collateral security for a precedent indebtedness, but was given to apply in payment of such indebtedness, and hence was similar to a check drawn for that purpose.

The remaining question is, if George A. Shisler, or any one else, fraudulently endorsed the name of John V. Shisler, would an after ratification render such endorsement good and available in the hands of good-faith endorsers? The court below thought it would, and so instructed the jury. This instruction seems to us, in the first place, wrong in this, that we can find no evidence to warrant it. There was testimony, and abundance of it, that John had authorized the putting of his name upon the paper, but none whatever that he had subsequently ratified the endorsement, either by word or deed.

The question, however, remains, could the forged endorsement, conceding it to be such, be ratified and thus made good? This question must be answered in the negative, if we accept as authority the case of McHugh *v.* Schuylkill County.

This case is in point; there, as here, the question was whether there could be an after ratification of a forged obligation, and it was held that there could be no such ratification. It is true, the dicta of this case, going as they do beyond the point ruled, would indicate that no contract, vitiated by fraud of any kind, is the subject of subsequent ratification. But this cannot be sustained, as it is opposed to those decisions now regarded as law, notably, Pearsoll *v.* Chapin, 8 Wright 9, and Negley *v.* Lindsay, 17 P. F. Smith 217. The distinction between these cases seems to be this, where the fraud is of such a character as to involve a crime, the ratification of the act from which it springs is opposed to public policy, and, hence, cannot be permitted, but where the transaction is contrary only to good faith and fair dealing; where it affects individual interests, and nothing else, ratification is allowable. It is indeed, conceded, in the cases last above cited, that if the original contract be illegal, or void for want of consideration, no subsequent ratification will help it. If, however, the endorsement under consideration was forged, it was not only void for want of authority, but it was also illegal, and so, comes under the condemnation of all authority.

In Garrett *v.* Gonter, 6 Wright 143, the question was, whether a mortgage, executed under the authority of a forged power of attorney, was the subject of ratification, and it was held that it was. But here there was no forgery of the mortgage itself, for it was executed under a supposed power. Mr. Justice STRONG, who delivered the opinion, says: "It is hardly accurate to speak of

11 NORRIS—29

[Shisler *v.* Vandike.]

ratifying a forged instrument. It may be adopted, but adoption does not relate back and validate prior acts. If the letter of attorney was forged in 1854, no act of Mrs. Gonter in 1859, after her return from Europe, could make it efficient from its date. But she could confirm the mortgage, for that was executed in her name by a professed agent, acting under a real or pretended authority." Now, if we properly understand what is here said, it amounts to this: the mortgage, executed without a fraudulent intent, by a professed agent, under a supposed power, was susceptible of ratification, whilst, on the other hand, the forged letter of attorney was not susceptible of such ratification. This, of course, presupposes the innocency of both the agent and mortgagee, otherwise the mortgage itself would have been a fraud, and hence no more the subject of ratification than was the power. It is possible this case was strained in favor of the mortgagee, for it is very clear from the evidence, the verdict of the jury to the contrary, notwithstanding, that the power of attorney was genuine. However, be this as it may, this case does not conflict with that of McHugh *v.* Schuylkill County, and we must therefore consider the latter as of binding authority. We conclude, then, that as, from the evidence, in the case in hand, the doctrine of ratification could have no place except as operative upon a forged instrument, it should have been wholly excluded, since being admitted, it amounted to the ratification of an illegal and criminal act. This sustains the fourth and fifth assignments of error.

Judgment reversed and a new venire awarded.