| 106 | 57 |
| 132 | 295 |
| 106 | 57 |
| 146 | 490 |
| 106 | 57 |
| 181 | 206 |
| 106 | 57 |
| 30 SC | 442 |

# Edward Lyon for the use of the First National Bank of Muncy, Penna., *versus* Griffith Phillips.

## Same *versus* Same.

## Same *versus* Same.

1. Three judgments were entered by the prothonotary on judgment notes between the same parties, with powers of attorney attached. Each judgment was revived once or twice by scire facias. Upon petitions for rules to open the revived judgments and let defendant into a defence, and the filing of depositions, the court opened said revived judgments, and also the original judgment in one case, awarding issues in each. These issues the court ordered to be tried together before one jury.

   *Held*, that the opening of said judgments was a matter in the sound discretion of the court, and was not reviewable in the Supreme Court by appeal or writ of error.

   *Held further*, that an objection to the trial of the three issues in one, made after the jury was sworn and the plaintiff's opening to the jury had been made, was too late. The previous silence of the parties implied assent to this mode of trial, and neither of them could withdraw that assent after the jury had been selected and sworn.

2. On the trial of the above issues, under the plea of payment, the defendant offered in evidence the record of the U. S. District Court, showing proceedings in bankruptcy against the plaintiff, and that in his schedule of assets filed he did not include these judgments.

   *Held*, that in the absence of proof of a claim to said judgments by any one other than the plaintiff, this record was admissible, and might be regarded by the jury as some evidence of an admission by the plaintiff that at the time of his adjudication in bankruptcy, he claimed nothing on said judgments.

3. The defendant further contended that the plaintiff had plied him with liquor, and after getting him in a state of extreme intoxication, induced him to sign one of the notes in suit, in settlement of a balance alleged to be due plaintiff on a running account between them. On the trial, the plaintiff offered his ledger in evidence—in connection with the testimony of his bookkeeper who made the entries—for the purpose of showing that at the time the said note was executed by defendant, a credit of the same amount was given him in plaintiff's books.

   *Held*, that said ledger was inadmissible, it being immaterial what entry was made in plaintiff's books in regard to said note, if the note was obtained by fraud, and was voidable or void as against the maker.

4. Defendant submitted the following point—"A contract affected by fraud is void and not merely voidable, confirmation without a new consideration would be *nudum pactum*."

   *Held*, that the unqualified affirmance of this point by the court was error: because, where there is no other defect from want of consideration or otherwise, there can be a ratification of a fraudulent contract, which affects individual interests only, without a new consideration.

5. Duncan *v.* McCullough, 4 S. & R., 483, and the cases following the

[Lyon to use, etc., *v.* Phillips.]

same, were overruled in so far as they apply to the above proposition, by Pearsoll *v.* Chapin, 8 Wr., 9.

6. The *dictum* in McHugh *v.* County of Schuylkill, 17 P. F. S., 391, contrary to said proposition, went beyond the point ruled, and the case is only recognized in so far as it determines the real question involved.

March 17, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

WRITS of error to the Court of Common Pleas of *Sullivan County :* Of July Term, 1883, Nos. 164, 165, and 166.

Feigned issues to try the validity of three judgments held by Edward Lyon to the use of the First National Bank of Muncy, against Griffith Phillips; which were opened by the court and the defendant let into a defence.

The first judgment was upon a single bill given by Griffith Phillips to Edward Lyon, with warrant of attorney attached, for the sum of $800, and was entered by the prothonotary on February 19, 1869, to No. 53, February Term, 1869. A *scire facias* was issued to No. 89, February Term, 1874; pending which defendant obtained credit, as of the date of April 1, 1873, for the sum of six hundred dollars, as a payment on said judgment. On the 4th of March, 1876, judgment was entered upon said *scire facias*, for want of an affidavit of defence for the sum of $467.76.

The second judgment was upon a similar single bill given by Phillips to Lyon for $200, and was entered by the prothonotary April 26, 1869 to No. 56, May Term, 1869. This was revived by amicable scire facias dated February 14, 1874, to No. 88, February Term, 1874, for the full amount of the judgment and interest; and was again revived by amicable scire facias, dated February 12, 1880, to No. 73, February Term, 1880.

The third judgment was upon another single bill with power of attorney attached, given by Phillips to Lyon for $125, and was entered by the prothonotary on January 11, 1871 to No. 10, February Term, 1871. This judgment was revived for its full amount by an amicable scire facias February 5, 1876, entered to No. 10, February Term, 1876.

The First National Bank of Muncy, which had obtained a judgment against Lyon, dated February 12, 1878, issued an attachment execution thereon two days later and summoned Phillips as garnishee.

On December 23, 1881, Phillips presented a petition in each of the above three cases, for rules to show cause why the revived judgments should not be opened, alleging that they were paid, but were kept alive at the request of Lyon to serve a purpose of his own. The petition filed to the judgment

No. 89, February Term, 1874, besides alleging payment of the judgment, set up a fraudulent arrangement between Lyon and the First National Bank of Muncy to defraud the creditors of Lyon and prevent their seeking satisfaction out of his claim against Phillips.

The court granted the rules to show cause, and depositions were taken on behalf of both parties. On the part of Phillips evidence was adduced to show, that the judgment note for $800, was obtained from him when drunk, by Lyon, and was a fraud upon him.

On December 18, 1882, the court filed an opinion and order in each case that the judgments entered upon the last scire facias, be opened, and also that the original judgment entered on the $800 note, be opened, and Phillips be let into a defence.

The court also directed an issue to be framed upon each of the said judgments as upon scire facias to revive; the pleas to be payment, payment with leave, &c.

Upon the issues so directed the parties went to trial. But before the jury were sworn, counsel for plaintiff filed an exception in each case as follows:

"And now to wit: February 28, 1883, before jury sworn the counsel for plaintiff except to the order of the court opening the judgment, upon the facts as alleged in the defendant's petition, and because of the defendant's *laches* in presenting the application." Exceptions overruled and bills sealed. (First second, and third assignments of error.)

The court directed the three issues to be tried together; to which plaintiff's counsel (after the jury were sworn) excepted. Exception overruled. (Fourth assignment of error.)

The plaintiff called one S. W. Kitchen, his book-keeper, who testified that the $800 judgment note was given by Phillips in settlement of a running account between Lyon and Phillips, and that Phillips' account in Lyon's books was credited with that amount at the time the note was given. Kitchen also testified to the entry of a credit, on the books, for a check for $800 afterwards given by Phillips to Lyon.

Plaintiff then proposed to offer his ledger in evidence as follows: "Now I propose to offer this book in evidence to show a credit March, 1869, in the account of Griffith Phillips by amount of judgment $800, in connection by proof by the witness on the stand that that entry was made by him on the book at that time in his own handwriting, and this for the purpose of corroborating what he has already testified to in regard to a settlement with Griffith Phillips at that time and his giving the $800 judgment note; and further to show that the books were balanced at that time in the witness' own hand-

[Lyon to use, etc., *v.* Phillips.]

writing by the entry of that credit of a judgment note of $800."

Objected to by defendant: "First, because there is no evidence that this is a book of original entries; second, because there is no evidence of the time when any of the entries contained therein were made."

THE COURT: "A ledger is ordinarily understood to mean a book in which the accounts contained in books of original entry are posted, and they are only evidence in connection with the books of original entry from which the posting is made. Exception might be made that where the settlement was made upon the ledger and signed by the parties, then it would not be given in evidence as a book of original entry, but was an agreement between the parties entered upon the book. In the form in which this is offered we are satisfied it is not evidence." Exception. (Sixth assignment of error.)

The defendant offered in evidence the record of the United States District Court, showing the proceedings in the bankruptcy of Lyon, and his discharge. From this record it appeared that the judgments in suit were not included in the list of assets in Lyon's schedule as filed. Defendant's counsel stated the purpose of this offer to be, "to show that Edward Lyon, the original plaintiff in these judgments, became a voluntary bankrupt, and that by virtue thereof all his property, claims or demands of whatever kind, passed to his assignee; and for the further purpose of showing that Edward Lyon could not, for himself or for the use of any individual creditor, seek to recover any part of any claim he might have against Griffith Phillips, and further, for the purpose of showing that the Muncy National Bank has no standing in this court as the use plaintiff in these judgments." Objected to by plaintiff.

THE COURT: "As the case now stands, we have no evidence that the First National Bank of Muncy has an assignment, or as use party, has any higher right to recover than the legal party to the record. It stands, therefore, before us as if the legal party to the record was alone plaintiff in the case. This evidence is offered to show that the legal party has taken the benefit of the bankrupt Act since the notes and judgments in controversy were taken; that he did not include in list of assets, in the schedule which he filed and made oath to, these claims against this defendant. We are clearly of opinion that this record in bankruptcy is not a bar to proceedings in this case; that is, it is not a complete defence. We think that the cases cited by counsel for plaintiff indicate that it is the duty of the court to adjudicate this matter with the plaintiff on record, for the purpose of ascertaining how the

facts stand between them; what indebtedness, if any, exists from the defendant to the plaintiff; but we think that, in adjudicating matters relative to the indebtedness between them, the fact that the plaintiff went into bankruptcy filing a list of debts that were due to him not including these claims may go to the jury in connection with all the rest of the testimony in the case to have such weight as the jury may attach to it, as an admission on his part that the defendant in this case was not indebted to him at the time. We admit it for that purpose alone." Exception. (Fifth assignment of error.)

The plaintiff asked the court to charge:

3. That if the jury believe from the evidence that the defendant asked for and obtained a credit of a large amount upon the judgment founded upon the note for eight hundred dollars, and consented to the revival of the said judgment in 1876 for the balance, this fact is a proper one to be taken into consideration by the jury in support of the validity of said note. (2d paragraph.) And is a virtual acknowledgment of its validity at that time by the defendant.

Answer. The first paragraph of this point is affirmed, but in reference to the rest we say that the testimony as to what was said and done when the payment was made, and the circumstances under which it was credited by the plaintiff's attorney, must be taken into consideration in determining whether or not the payment is to have weight as an admission. Exception. (Tenth assignment of error.)

The defendant submitted, inter alia, the following points:

4. A contract affected by fraud is void and not merely voidable, confirmation without a new consideration would be *nudum pactum.*

Affirmed. (Seventh assignment of error.)

6. If the jury believe from the evidence that Griffith Phillips, by reason of intoxication, was not in a condition to enter into a contract or make a settlement on the 17th day of February, 1869, at the time the note for $800 is alleged to have been signed by said Phillips, that said note is void as well as any judgment entered thereon.

Answer. To this we answer, if the jury believe from the evidence that Griffith Phillips, by reason of intoxication, was led by the plaintiff into a settlement which he was incompetent to understand, and thus induced to sign a note for a larger amount than was due from him, the contract is infected with fraud and void. A payment made by a defendant to apply generally on judgments against him, should be applied to valid judgments. If applied upon a judgment which is afterwards opened by the court and found void, that payment

should be applied to a valid and existing judgment. Exception. (Eighth assignment of error.)

9. If the jury believe that the note of $800 was obtained by fraud it is void, and as the subsequent payments by Griffith Phillips to Edward Lyon are largely in excess of the judgments the verdict must be for the defendant.

Answer. To this we answer in our own language; if the jury find that the note of $800 was obtained by fraud it is void, and if the subsequent payments by Griffith Phillips to Lyon are in excess of the remaining judgments in this issue, the verdict must be for the defendant. Exception. (Ninth assignment of error.)

The court in the general charge instructed the jury, inter alia, as follows:—"It is unnecessary to go over and recapitulate the evidence relative to this transaction (of the $800 note), for it has been before you so clearly, and so largely commented upon by counsel upon both sides; but I will say in reference to the law which governs that subject, that if Edward Lyon or his clerk, by reason of the intoxication of the defendant, Griffith Phillips, led him into a settlement which he was not competent to make, and by reason of his intoxication induced him to sign a note for a larger amount than was due from him, that that was fraudulent on their part, and the transaction is fraudulent and void. If you find that this is the case, that he was fraudulently induced to sign that note by getting him drunk or otherwise, or by his being drunk and incompetent to settle and to do that kind of business, if they in that condition induced him to sign a note for a larger amount than was due from him, then it was fraudulent and void. And in that case all the proceedings that have since been founded upon it, the *amicable scire facias* and revival of it would be voidable. If you find that to be the fact from the evidence in this case, you will then find for the defendant." (Eleventh assignment of error.) . . . . . " There appears to have been upon the judgment founded upon the eight hundred dollar note, a credit of six hundred dollars. And you will bear in mind also that there was in evidence a check of eight hundred dollars, which was given by Griffith Phillips to Lyon, and what evidence there is in reference to that payment. It would appear that six hundred dollars of that eight hundred dollars has been credited on this note or on this judgment founded upon the eight hundred dollar note, and the testimony, if I recollect right, the testimony at least of the defendant, was, that this check was handed to Lyon as a payment upon the judgments, and that six hundred dollars only of it was applied to this judgment. Now then, if it should be found that this judgment was void, upon a void

note, that payment, of course, would be transferred by operation of law to the judgments which remained valid judgments. You would have the right, if by your verdict founded upon the evidence in this case, you so find, to wipe out the judgment founded upon the eight hundred dollar note, and it would be your duty to apply the credit which was there upon the valid judgments, because there could be no credit upon a judgment which was in itself fraudulent and void." (Twelfth assignment of error.)

Verdict for the defendant in each case, and judgments accordingly. Whereupon Edward Lyon, the plaintiff, took this writ of error, assigning for error: the opening of the judgments; the order of the court that all three issues be tried together; the admission and rejection of evidence, and answers to points, as above noted; and those parts of the general charge set out.

*Clinton Lloyd* and *E. M. Dunham* (with whom was *W. E. Crawford*), for plaintiff in error.—It was error to order the three suits to be tried in one. They involved different issues, two of them admitting the *bonâ fides* of the original transactions and only claiming payment, and the other raising the distinct issue as to the validity of the original judgment. Thus the rights of counsel as to their order of addressing the jury were affected, the question of burden of proof complicated, and the introduction of evidence pertinent to one issue, but wholly irrelevant in another, made possible. Where the court opens several confessed judgments between the same parties, in which there may be different defences, separate issues should be framed in each case: Earnest *v.* Hoskins, 4 Out., 551. It is not the law that the act of a drunken man is necessarily void and incapable of being ratified when he becomes sober. It is analogous to the case of a contract made by an infant—merely voidable on his arriving at the age of legal competency, and which he must then deny or be bound thereto as by an implied ratification. There is not only the implied ratification in this case, of the act alleged to have been done when the defendant was drunk, resulting from a delay of upwards of twelve years in disputing the legal validity of his act, but positive evidence of direct and unequivocal acts of ratification. Nor can it be the law, as the charge of the court manifestly led the jury to believe, that the taking of a note by Edward Lyon for a larger amount than was actually due was necessarily a fraud. There was an apparent discrepancy between the amounts as shown by the books of original entry and the judgment note in Lyon's favor. But whether it arose from the addition of interest, or from a mistake in the adding

of figures, or from what cause it is impossible to say, after such a lapse of time. Certain it is, that errors may arise by mistake without necessarily imputing fraud, and so the jury ought to have been instructed; mistake is not fraud necessarily. And fraud must not be presumed where other explanation is possible.

*Ellery P. Ingham* (with whom were *Oliver H. Reighard* and *A. Logan Grim*), for defendant in error.—The first, second and third specifications of error are to the orders of the court opening the judgments and granting the issues. Prior to the Act of 4th April, 1877, the action of the Common Pleas on a petition to open judgment was not reviewable in the Supreme Court: Breden *v.* Gilliland, 67 Pa. St., 36 ; Putney *v.* Collins, 3 Grant, 72. The Act of 1877 does not authorize a writ of error upon an order opening a judgment, but an appeal " in like manner and proceedings as equity cases are now appealed:" Act 4 April, 1877, P. L., p. 53.

The fourth specification is to the order of the court directing that the three issues be tried by one jury. This order cannot be assigned as error. The plaintiff made no objection to the trial of the three cases before one jury at the time the order was made. Their exception was taken after the jury was empannelled and sworn and the case had been opened for plaintiff. The plaintiff's ledger was not evidence unsupported by books of original entry : Worman *v.* Boyer, 14 S. & R., 212. A contract affected by fraud is void, and not merely voidable, confirmation without a new consideration would be *nudum pactum:* McHugh *v.* County of Schuylkill, 17 P. F. S., 391. If Edward Lyon or his clerk fraudulently induced the defendant to sign the note by getting him drunk, or otherwise, or by his being drunk or incompetent to settle—if they induced him in that condition to sign a note for a larger amount than was due, then it was fraudulent and void: State Bank *v.* McCoy, 19 P. F. S., 204.

Mr. Justice CLARK delivered the opinion of the court, April 7, 1884.

Edward Lyon held three judgments against Griffith Phillips, which were entered in the Court of Common Pleas of Sullivan Co. as follows:

1. Judgment:—No. 53, February Term, 1869, entered February 19, 1869, for $800; *scire facias,* No. 89, February Term, 1874, issued 19th February, 1874; judgment of revival March 4, 1876, for $467.76; *scire facias,* No. 35, February Term, 1881.

2. Judgment:—No. 56, May Term, 1869, entered April 26,

1869, for $200; *scire facias*, No. 88, February Term, 1874, issued February 19, 1874; judgment of revival entered for $257.80. No. 73, February Term, 1880; judgment confessed February 12, 1880, for $349.35.

3. Judgment:—No. 10, February Term, 1871; entered January 11, 1871, for $125. No. 10, February Term, 1876; judgment of revival for $168.90, confessed February 5, 1876; *scire facias*, No. 36, February Term, 1881.

On the 18th day of December, 1882, the court, upon application of the defendant, and examination of testimony, taken upon a rule, opened the original judgment, entered to No. 53, February Term, 1869, and all the subsequent revivals thereof. At the same time, the judgments of revival, entered to No. 73, February Term, 1880, and to No. 10, February Term, 1876, were also opened, and the defendant was admitted to a defence in all. Issues were formed in the several cases, and it was ordered just before trial, that the three issues, thus formed, should be tried together, before one jury.

The first four assignments of error are to the action of the court, in opening these several judgments, and ordering the issues formed to be tried together. The opening of a judgment is a matter in the sound discretion of the court, and in this instance is not reviewable here, either upon appeal or writ of error; an appeal brought to the present term, from the decree opening the original judgment, entered to No. 53, February Term, 1869, after argument was quashed. Some confusion might have been saved, if the issues had been separately tried, but no objection was made to the order of the court in this respect, until after the jury was sworn, and the plaintiff's opening to the jury had been made; this was too late. The conduct of the parties implied an assent to this mode of trial, and it was not in the power of either of them to withdraw that assent after the jury had been selected and sworn.

The record of the United States District Court, exhibiting the proceedings in the bankruptcy of Edward Lyon, was certainly not a bar to the plaintiff's recovery; from the intimation of counsel, at the time of the offer, it would appear that it was supposed to have that effect, and to afford a complete defence. It was, however, as the records and proofs then stood, properly receivable in evidence, for the purposes indicated in the ruling of the court. No assignment, oral or written, had as yet been shown, or proof given, which exhibited the right of the First National Bank of Muncy to the ownership of the judgments, and whilst this was not necessary perhaps in the prosecution of the scire facias, yet in the absence of such proofs, the fact that the judgments were not

10 OUTERBRIDGE—5.

embraced in the schedules filed by Lyon, was as an admission some evidence from which the jury might infer that Lyon, at the time of his adjudication in bankruptcy, claimed nothing upon them. It was afterwards shown that the bank claimed these securities, under a pending writ of attachment in execution, issued upon a judgment held by the bank against Lyon, and that Lyon, acting under the advice of counsel, did not embrace them in the schedules, because of the attachment. The 5th assignment is therefore not sustained.

The allegation of the defendant below was that the plaintiff plied him with intoxicating liquor, and, whilst he was in a state of extreme drunkenness, fraudulently obtained his signature to the note for $800, the obligations in suit.

If this allegation were true, it was unimportant and immaterial, whether a credit for the amount of the note was, at the time or at any time, entered upon the plaintiff's books. The note, thus obtained by fraud and artifice, was void or voidable as against the maker, no matter what entry of it was made on the books. The court was certainly right in refusing the ledger which it was asserted contained the credit alleged. The 6th assignment is therefore without merit.

The seventh assignment of error is to the affirmance of the defendant's fourth point, which contains the assertion of a principle of law in such general form, that neither a negative nor an affirmative answer, without qualification, would correctly declare the law as now established. The court was requested to charge the jury that: "A contract, affected by fraud, is void and not merely voidable; confirmation without a new consideration would be *nudum pactum.*" This point, whether regarded as an absolute statement of the law, or as specially applicable to the case on trial, was not entitled to the unqualified affirmance which it received. It is certainly true that contracts which are forbidden by statute, or are inconsistent with public policy, are absolutely void, and the ratification of such a contract, in any form, carries with it the taint of the original. So where fraud is of such a character as to involve a public wrong or a crime, the adjustment of which public policy forbids, the ratification of the act in which the fraud originates is also opposed to public policy and cannot be permitted; the confirmation is held to be a fraud in law as the original was a fraud in fact; but as was said in Shisler *v.* Vandike, 8 W. N. C., 234, " where the transaction is contrary only to good faith and fair dealing, where it affects individual interests and nothing else, ratification is allowable." It is true that in Duncan *v.* McCullough, 4 S. & R., 487, which was followed by Chamberlain *v.* McClurg, 8 W. & S., 31; Goepp's Appeal, 3 Harris, 428; and Miller's Appeal, 6 Casey,

478, it was held " that where there has been actual and positive fraud, or the adverse party has acted *mala fide*, there can be no such thing as a confirmation. What was once a fraud will always be so," and that "confirmation without a new consideration would be *nudum pactum.*" But Duncan *v.* McCullough, *supra*, as far at least as it applies this principle to frauds affecting merely individual interests, is now, as was said in Negley *v.* Lindsay, 17 P. F. S., 217, regarded as overruled in Pearsoll *v.* Chapin, 8 Wright, 9, where a different doctrine is distinctly declared. The case of Pearsoll *v.* Chapin, was followed by Negley *v.* Lindsay, *supra;* Seylar *v.* Carson, 19 P. F. S., 81; Leaming *v.* Wise, 23 P. F. S., 173; Shisler *v.* Vandike, 8 W. N. C., 234; Lauer's Appeal, 12 W. N. C., 165; all of which are in accord with it. The dictum in McHugh *v.* County of Schuylkill, 17 P. F. S., 391, went beyond the point ruled by it, and that case is only recognized as far as it determines the real question involved; to that extent it is in harmony with the cases last cited. It cannot be doubted, therefore, if there be no other defect from want of consideration, or otherwise, there can be ratification of a fraudulent act which affects individual interests only, without a new consideration.

If the judgment note of $800 was obtained by fraud, that fraud, as alleged, was not of such a character as to involve a crime, the adjustment of which was forbidden under any principle of public policy, it was such as affected the individual interests of the parties merely; if, therefore, the obligation was upon a sufficient consideration, and was without other legal defect, the transaction was the proper subject of ratification. The jury having found that the obligation was obtained through fraud and artifice, their next inquiry should have been directed to this question.

There was some evidence bearing on that subject, but we will neither refer to it nor express any opinion concerning it, as the cause must go back for re-trial it would be improper for us so to do. Payments made by the defendant to be applied to judgments generally, should, of course, be applied to such as are ascertained to be legally valid or binding upon him; but apart from the question of fraud, if the $800 judgment was in fact supported by a valid consideration, the defendant cannot gainsay any actual specific appropriation of money, made by himself, with full knowledge on his part, and without fraud of the plaintiff.

The seventh assignment, and those following the seventh, are all involved in the same fundamental error, the effect of which was to withdraw from the consideration of the jury a question distinctly raised in the proofs.

The three causes having been tried together, we cannot separate them here.

The judgment in each of the three issues is therefore reversed, and a venire facias de novo awarded in each case.