# Commonwealth *v.* O'Donnell, Appellant.

*Criminal law and procedure—Evidence—Hostile witness—Cross-examination—Surprise—Contradiction—Discretion of the court.*

Upon the trial of an indictment charging robbery, the trial court properly exercised its discretion in refusing to strike from the record the cross-examination of one of the Commonwealth's witnesses by the district attorney, where it appeared that the Commonwealth was surprised by the contradiction on the part of the witness of a statement made by him upon a former occasion.

The general rule that a party calling a witness will not be permitted to ask leading questions and is bound by his testimony, is not strictly enforced and the tendency has been toward liberality in the introduction of evidence, the admission of which may tend to prevent a failure of justice.

When a party is surprised in the testimony of a witness by his unexpectedly turning hostile, counsel may exercise the right of cross-examination of the witness, or impeach his testimony by other witnesses.

Argued October 23, 1922. Appeal, No. 188, Oct. T., 1922, by defendant, from judgment of O. & T. Blair Co., Jan. T., 1922, No. 11, on verdict of guilty in the case of Commonwealth of Pennsylvania v. J. T. O'Donnell. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for robbery. Before BALDRIGE, P. J.

The opinion of the Superior Court states the case.

90    COMMONWEALTH *v.* O'DONNELL, Appellant.

Verdict of guilty upon which judgment of sentence was passed. Defendant appealed.

*Error assigned* was refusal to strike out evidence of the Commonwealth in contradiction and impeachment of its own witness.

*R .A. Henderson* and *J. F. Sullivan,* for appellant.— The witness did not testify to any fact and his negative answer to the Commonwealth's question left no room for any contradiction or cross-examination by the Commonwealth: Fisher v. Hart, 149 Pa. 235; Fisher v. Gross, 16 District Reports 292; Com. v. Wickett, 20 Pa. Superior Ct. 350; Gray v. Hartman, 6 Pa. Superior Ct. 198.

*Marion D. Patterson,* District Attorney, and with him *Frank G. Fisher,* for appellee.—The cross-examination of its own witnesses by the Commonwealth is a matter for determination by the trial court: Com. v. Deitrick, 221 Pa. 7; Com. v. Delfino, 259 Pa. 272; Com. v. Reeves, 267 Pa. 361; Gantt v. Cox & Sons Co., 199 Pa. 208.

OPINION BY HENDERSON, J., March 2, 1923:

The error assigned in this appeal is the refusal of the court to strike out the testimony of Charles Dugan, a witness called by the Commonwealth. The defendant was convicted of robbing a street car conductor in a street car near the City of Altoona. After direct evidence was introduced supporting the charge, the district attorney called the witness above named and examined him with reference to his knowledge of the defendant; the whereabouts of the latter shortly before the robbery; a conversation with him by the witness at that time; and a statement to him by the defendant of the latter's perpetration of the crime charged. The witness testified that he saw the defendant at the street car station at the end of the line between five and six o'clock in the evening; that the defendant said he was sick and was going

home; that the witness asked him to go up and get some wine and he said he did not drink it and would not go—about which time the street car came to the station. When interrogated as to what the defendant had said to him about robbing a car, he said that nothing was said. He was then asked whether he had not on a former occasion said that the defendant wanted him to go along and rob a street car, to which the witness replied: "I don't know." The substance of the alleged former statement was then propounded to him with the inquiry whether he had not made a statement to that effect and that the defendant told him the next day that he walked up to the conductor and "stuck a revolver at him and he got up and gave me the money." The witness admitted that he may have made the statement, but it was not true —that he made it up; that he had been informed the defendant and another "had made a lot of stuff" against him to get him in trouble and that this information led him to make up the statement which he had theretofore given. No objection was made to this examination, but at its conclusion a motion was made by the defendant's counsel to strike out the testimony of Dugan for the reason that it was not substantive evidence and that the Commonwealth could not cross-examine its own witness. When the motion was made the district attorney stated to the court that the attitude of the witness was a surprise to the Commonwealth; that on former occasions he exhibited no hesitancy in making the statement called to his attention and the Commonwealth had every reason to believe that he would adhere to it; and that his subsequent examination was engaged in to discredit his evidence and to explain the action of the Commonwealth in calling him. The motion to strike out was then refused. The court stating to the jury that the evidence was not substantive proof and was only for the purpose of attacking his credibility. The general rule that a party calling a witness will not be permitted to ask leading questions

and is bound by his testimony, is not strictly enforced in the Commonwealth, and the tendency has been toward liberality in the introduction of evidence, the admission of which may tend to prevent a failure of justice. It was said in Cowden v. Reynolds, 12 S. & R. 281, that if one call a witness believing he would swear to what he had previously stated to be the truth, and he tells a different story, the party calling him may show that the witness had told a different story at another time. In Bank of Northern Liberties v. Davis, 6 W. & S. 285, it was held that the court before whom the cause is tried has always in the exercise of a sound discretion allowed the party calling a witness to prove that at different times and in the presence of others he has held a different language. Such practice is permitted to neutralize the evidence given by the witness. The principle is thus stated in 1 Greenleaf on Evidence, section 444, "the weight of authority seems in favor of admitting the party to show that the evidence has taken him by surprise and is contrary to the examination of the witness preparatory to the trial, or to what the party had reason to believe he would testify, or that the witness has recently been brought under the influence of the other party and has deceived the party calling him." Such admission of a previous statement is of course not to be treated as substantive evidence of the facts therein stated, but is given to account for the conduct of the party in calling him and to discredit the evidence of the witness. The later cases are in harmony with the principle above stated. In Com. v. Delfino, 259 Pa. 272, there was an allegation that one of the Commonwealth's witnesses testified at variance to his previous statement to the district attorney whereupon that officer was permitted to cross-examine the witness as to such statements. This was held to be a matter largely in the discretion of the trial judge and his allowance of such examination was not error. In Com. v. Reeves, 267 Pa. 361, the court said: "The weight of authority is in favor of the rule that, where a party is surprised in the testi-

mony of a witness by his unexpectedly turning hostile, counsel may exercise the right of cross-examination of the witness, or impeach his testimony by other witnesses. Such exceptions have been recognized in Pennsylvania and are permitted to prevent a failure of justice...... Whether such practice will be permitted is within the sound discretion of the court, and its action will not be reviewed by this court unless there is an abuse of that discretion." In that case the witness had previously testified before the coroner and at the trial his evidence was opposite to that given in his former testimony. The same rule was applied in Com. v. Wickett, 20 Pa. Superior Ct. 350, where the subject is considered at length. The learned counsel for the appellant contends that it is only when the witness has testified affirmatively and prejudicially that he may be interrogated as to former statements, but the existence of the occasion for such examination is a matter for the determination of the trial court, and the exercise of a discretion in such circumstances is not reviewable except for manifest error. The witness, Dugan, gave testimony that he knew the defendant; that he was with him a short time before the robbery occurred; that the defendant stated he was sick and was going home. This was contradictory of the former statement and tended to show that the offense was not committed by the defendant. We cannot say therefore that this part of the evidence was not prejudicial to the Commonwealth's case, and it was evidently contradictory of what the witness had previously stated. The cases cited and numerous other authorities require us to hold that the act of the court was within the limits of judicial discretion in the particular case, and we are therefore not at liberty to overrule its action.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.