# Sobieski Building & Loan Association *v.* McGrady, Appellant.

*Judgments—Opening—Fraud—Forgery—Rule to open—Refusal —Abuse of discretion.*

Upon a rule to open judgment confessed under warrant of attorney, the defendant alleged that the mortgage and bond upon which judgment was entered were forged. There was no contradiction of defendant's testimony that he did not execute the mortgage and bond, and had never authorized any one to do so for him. All the established facts and circumstances were consistent with his allegation of forgery. Under such circumstances, a discharge of the rule to open the judgment constituted an abuse of discretion and will be reversed.

Argued October 12, 1922. Appeal, No. 126, Oct. T., 1922, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1920, No. 8860, discharging rule to open judgment in the case of John Sobieski Building & Loan Association v. Peter McGrady. Before PORTER, HEN-

DERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Rule to open judgment on warrant of attorney contained in the bond accompanying a mortgage.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Defendant appealed.

*Errors assigned* were the judgment of the court and refusal to make absolute the rule to open judgment.

*William S. Fenerty,* for appellant.—The court abused its discretion in refusing to open the judgment and let defendant into a defense: Walker v. Penna. Co. for I. on L. & G. A., 263 Pa. 480; Watkins v. Benscoter, 264 Pa. 574; Shannon v. Castner, 21 Pa. Superior Ct. 326.

*Raymond A. White, Jr.,* and with him *Hassert and Kendig* and *Maurice W. Sloan,* for appellee.

OPINION BY GAWTHROP, J., December 14, 1922:

This is an appeal from an order discharging a rule to open a judgment entered against defendant under a warrant of attorney in a bond accompanying a mortgage. The ground on which defendant asks to have the judgment opened is that his signature thereto was forged, that he did not sign the bond or authorize any one to do so for him, and received no consideration therefor. Plaintiff filed an answer denying these allegations. Depositions were taken, from which it appears that on March 1, 1909, Peter McGrady, the defendant, acquired title as trustee to premises No. 2364 Tucker Street, Philadelphia, subject to a mortgage of $1,000 held by W. W. Montgomery, Esquire. In the fall of the year 1913, McGrady delivered to John J. Conroy, Esquire, the sum of $1,050 to be applied to the satisfaction of said mortgage. About two years later, McGrady went to Ohio and did

not return to Pennsylvania until after the date upon which the bond in controversy purports to have been executed. Conroy did not satisfy the mortgage and on January 29, 1917, Montgomery demanded of Conroy the payment of the principal. At that time Conroy was solicitor of the plaintiff building and loan association. Without the knowledge or consent of McGrady, Conroy secured from plaintiff a loan of $1,100 and gave it a bond and mortgage in that amount, the loan being secured upon McGrady's premises. The proceeds of the loan were used by Conroy who delivered his own check to Montgomery for $1,100 to pay the mortgage which Conroy should have satisfied in 1913. Conroy had no power of attorney from McGrady, who knew nothing of the transaction. Conroy died in May, 1920. An investigation was made by counsel for McGrady, the alleged fraudulent mortgage was discovered and the building and loan association was notified. Whereupon, the attorney for the building and loan association entered the bond and issued an execution. Then the petition to open the judgment was filed and the sale was stayed.

The testimony of McGrady that he knew nothing of the execution of the bond and mortgage and did not sign them nor authorize any one to sign them for him is uncontradicted. It is impossible to read the depositions and come to any conclusion other than that Conroy forged McGrady's mark to the bond and mortgage and had the acknowledgment executed before himself as a notary public for the purpose of raising $1,100 to take the place of the money given him by McGrady in 1913 to satisfy the Montgomery mortgage. Indeed, the argument of the appellee seems to concede this. The question before us is whether the court below abused its discretion in refusing to open the judgment. "Though the defendant testifies that his signature is a forgery, and there is opposing testimony, there is no inflexible rule which compels the court to open the judgment. Even in such a case the judge should exercise a sound dis-

cretion, after a careful consideration of the character and effect of the testimony": Shannon v. Castner, 21 Pa. Superior Ct. 294. But where, as in this case, there is no opposing testimony and all the established facts and circumstances are consistent with defendant's allegation of forgery, it is difficult to understand upon what theory the court could refuse to open the judgment and let the defendant into a defense. We do not have the benefit of any opinion by the court below, but after a careful consideration of the evidence we are all of opinion that the discharge of the rule to open the judgment constituted an abuse of discretion calling for a reversal.

The assignments of error are sustained, the judgment is reversed and the record remitted to the court below with direction to open the judgment and let the defendant into a defense.