## Austen v. Marzolf, Appellant, et al.

Argued September 26, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*John B. Nicklas, Jr.,* for appellant.—The judgment should have been opened: Augustine v. Wolf, 29 Pa. Superior Ct. 336; First Nat. Bank of Ford City v. Bowser, 88 Pa. Superior Ct. 272; Hotaling v. Fisher, 79 Pa. Superior Ct. 103; Reel v. Elder, 62 Pa. 308; Sobieski B. & L. Assn. v. McGrady, 80 Pa. Superior Ct. 277.

*Addison Lyon,* with him *D. S. Thomas,* for appellee, cited: Singer v. Sheriff, 28 Pa. Superior Ct. 305; O'Brien v. Sylvester, 12 Pa. Superior Ct. 408; Kaier v. O'Brien, 202 Pa. 153; Spiess v. Mooney, 67 Pa. Superior Ct. 9.

OPINION BY MR. JUSTICE WALLING, November 26, 1928:
On February 1, 1926, John A. Marzolf presented a judgment note of $3,280 to the plaintiff, Robert E.

Austen, purporting to be signed by himself and his father, Charles Marzolf (herein called the defendant). Plaintiff gave full value for the note which was payable ten days after date. The son, John, was in the automobile business and as such had other dealings with the plaintiff, but made no payment on the note and the latter caused judgment to be entered thereon on June 11, 1926, against both makers, and three days later, for the first time, called the defendant's attention to the matter. He promptly denied having signed or authorized the signing of his name to the note, and stated, in effect, that the placing of his name thereon was a forgery. He seemed angry, but said, "Give John time and he will pay it." There was no agreement for an extension of time. There were some later conversations between the plaintiff and the defendant about the matter, but the latter never admitted he signed the note or promised to pay it. On at least one occasion the son, John, was present, and hearing his father's denial, said, "You know you signed it, dad." No payment being made, the plaintiff, on December 17, 1926, went to the father's home and threatened to issue execution against both defendants. The old gentleman again denied having signed the note and said, in effect, "Proceed against John [the son], but not against me." Soon after this, the son, John, absconded with his family to Mexico and his father employed a lawyer. During the following winter and spring, the attorneys made unsuccessful efforts for an adjustment and on May 11, 1927, defendant filed a petition to open the judgment, setting up forgery. An answer was filed and testimony taken. Defendant testified that he neither signed nor authorized the signing of his name to the note, and called a handwriting expert who expressed the opinion that it was not Charles Marzolf's signature. For plaintiff, a handwriting expert expressed a contrary opinion. There was no proof that defendant actually signed the note, and, under the defense of forgery, the writing is given

no weight of itself: Levy v. Gilligan, 244 Pa. 272, 277; Boyd v. Kirch, 234 Pa. 432; Kaier Co. v. O'Brien, 202 Pa. 153, 160; Sobieski B. & L. Assn. v. McGrady, 80 Pa. Superior Ct. 277; Shannon v. Castner, 21 Pa. Superior Ct. 294. On that question, the proof was such as to require sending the case to a jury: Schonmaker v. Dean, 201 Pa. 439. This was the conclusion of the trial court, but it refused to do so because defendant told plaintiff to give the son, John, time and he would pay the note, and the son, after having time, neglected to do so and absconded. From the refusal to open the judgment, defendant brought this appeal.

The refusal was error. Forgery is a heinous crime, which cannot be ratified: Walker v. Pa. Co. for I. on L. & G. A., 263 Pa. 480, 483; Building & Loan Assn. v. Walton, 181 Pa. 201; Howard, Receiver, v. Turner, 155 Pa. 349, 357; Lyon, to use, etc., v. Phillips, 106 Pa. 57, 66; Shisler v. Vandike et al., 92 Pa. 447. Moreover, the defendant made no attempt or offer to ratify it. He never agreed to pay the note or see it paid. With the natural feeling of a father he did not desire to see his son, although erring, sent to prison. The statement that John would pay if given time was merely the expression of an opinion, made in good faith, so far as appears. There was no wilful falsehood or delay in averring that the note was a forgery. The plaintiff, who had been dealing with John, probably could judge equally well as to the prospects of his paying. It is urged that by the delay the plaintiff lost the benefit of John's testimony. This does not follow; for had the threat of execution been made in June, John could have fled then as well as in December. There is no proof or probability that he would have remained to testify against his father. Furthermore, there is yet a possibility of securing his testimony. The case lacks the elements of an estoppel. In the cases relied upon by the trial court, the controlling facts were entirely unlike those here presented.

It is conceded that the defendant was not guilty of laches, after he employed counsel in December, and it would be a novel conclusion that a party, by six months' delay in moving to open judgment, was precluded from setting up the defense of forgery. Even an admission that the paper in question is genuine will not prevent such defense. See Second Nat. Bank v. Wentzel, 151 Pa. 142. What we have said must not be construed as the expression of an opinion on the merits of the case, when it comes to a jury trial.

The order discharging the rule to open the judgment is reversed and the rule is made absolute.