Heinrich Chemical Co. *v.* Ingram et al., Appellants.

Argued October 26, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIDGE, JJ.

258

*George G. Patterson,* for appellants.

*William L. Hicks,* and with him *Robert W. Owens,* for appellee.

OPINION BY TREXLER, P. J., March 5, 1932:

The plaintiff brought suit against the defendants to recover a sum of money upon an alleged contract guaranteeing the payment of accounts of one, Beckwith, who was a sales agent for the plaintiff. The paper, which the plaintiff claims the defendants signed, if genuine, clearly imposes liability upon them for any unpaid sums which Beckwith may owe to his principal. Judgment was taken for want of an affidavit of defense.

The court, upon petition, opened the judgment and awarded the issue "limited exclusively and specifically to a defense of forgery of the signatures of the several defendants, and to no other matter." The case proceeded to trial and resulted in a verdict in favor of the plaintiff.

The defendant alleges that there were errors committed in the trial. (1) The court allowed the plaintiff to cross-examine Beckwith, a witness called by them. Some latitude was allowed in the examination of this witness. He was the principal debtor and a party in interest in the case. The scope of examination under such circumstances was a matter within the sound discretion of the trial judge. See Com. v. O'Donnell, 81 Pa. Superior Ct. 89; Com. v. Reeves, 267 Pa. 361; Com. v. Spardute, 278 Pa. 37; and the authorities referred to on page 45 in the case last cited.

(2) The defendants claim that they did upon an occasion sign a mere printed letter of recommendation, not a guarantee for Beckwith. G. W. Heinrich, (by deposition taken), president of the plaintiff company, was allowed to state that the company had never received any printed letters of recommendation from anyone and never asked for them, that the only contract between them and their retailer in this regard would be the contract such as was produced. We see no reversible error in allowing the president of the company to state it furnished no such printed forms and that such were never required by the company.

(3) After the court was through charging the jury and had presented the case quite fully, the plaintiff submitted the following point: "If the jury finds from the evidence that the three letters of the plaintiff, each dated April 14, 1920, [were?] severally mailed to each of the defendants and that the letters were severally received by the defendants and that none of the defendants have made any reply thereto, then the verdict must be for the plaintiff as against all three defendants." The letter in question (a copy being sent to each of the defendants) was an expression of pleasure in having the signature of the party addressed as a guarantor of the credits to be extended by the plaintiff to C. A. Beckwith and contained some complimentary reference to Beckwith and requests that he be given every encouragement. As the defendants took the position that they had never signed any such paper for Beckwith, their mere neglect to pay any attention to the letter does not fix liability on them. The point submitted to the court and approved by it would divest the case, if the jury followed the instruction contained in it, of any question as to whether the agreement of guarantee was forged or not. If the letters were received and unanswered, that fact, according to the language of the point, was conclusive. The plaintiff argues that the rest of the charge was delivered

without any error and fairly presented the case to the jury and that even if this point was erroneously adopted, it was harmless. The inquiry is quite pertinent—if the point was harmless, why was it considered of sufficient importance to submit it for approval to the court after the full and fair charge had been delivered to the jury? How do we know whether the jury merely considered the testimony in the light of the charge itself or whether the last instruction given to them might not have been the one which they followed? There was no reference to the letters in the charge proper and this was giving the jury a new angle on the controversy.

The authorities which hold that the drawer of a check paid by the drawer's bank upon a forged endorsement must notify the bank when he discovers the fraud, have no application to the present case. If this alleged contract of guarantee was forged, it was incapable of ratification; a forged contract amounts to nothing: Shisler v. Vandike, 92 Pa. 447; Henry Christian B. & L. Assn. v. Walton, 181 Pa. 201; Shay v. American Iron & Steel Co., 218 Pa. 172; Walker v. Pa. Co. for I. on L. & G. A., 263 Pa. 480, 483; Austen v. Marzolf, 294 Pa. 226. Even an admission that the paper is genuine will not prevent such defense. We are compelled to hold that the court erred in adopting the point.

The judgment is reversed with a new venire.