## Queen City Heating Co., Inc., v. Walden Terrace, Inc.

*Charles M. Bolich*, for plaintiff.

*Getz, Perkin & Twining*, for defendant.

HENNINGER, P. J., January 3, 1955.—On November 29, 1954, we entered an order refusing to strike off

a judgment by confession entered to September term, 1954, no. 682.

At the urgency of defendant, we neglected two fundamental principles: (1) Never to decide a case in haste; (2) not to interpret a document which is not available for inspection. We are now convinced that our order made on November 29th was in error.

The judgment in question was for $5,328, arrived at by taking 15 percent of 74 heating units ordered from plaintiff at $480 per unit and which order was canceled after 29 of an original order of 103 units had been delivered and paid for.

The document upon which judgment was confessed purports to be a conditional sales contract. At the top is the name Walden Terrace, Inc., on the next line over the instructions "(Mail Address of Buyer)" is "840 W. Emmaus Ave., Allentown, Penna." and the next line reads, "We, Queen City Heating Company, Inc. (Seller) propose and agree to furnish and install . . . 103 units . . . cash price $480.00 each . . . B. Buyer cancellation of contract charge of 15% the total price of contract. . . . If Buyer fails to comply with any of the conditions hereof, the Seller may at its option (1) Declare the entire sum remaining unpaid hereunder to be immediately due and payable and in event the Seller should exercise this option the Buyer hereby consents and agrees and does hereby authorize any Attorney of record to appear for the said Buyer, or any of them, and confess judgment. . . . Walden Terrace, Inc. holds title to the property in which the above heating system is to be installed."

Over the line marked "Buyer's Signature" appears a signature "Sol Goldberg L. S." Below that are the words "We hereby accept the above proposal and terms" and signed "Queen City Heating Company, Inc. by E. H. Bulgrin L. S." over the line marked, "Representative's Signature."

The whole conditional sales contract is a clumsy instrument. First it purports to be a proposal *from* the seller to someone else but it ends with an acceptance of the proposal *by* the same seller. Then—and that is the crux of this case—there is nothing to show who is the buyer and only a parenthetical instruction to the person filling out the form to show where the buyer resides. Conditional sales contract is not an apt description of a contract upon which a claim can be made for damages for cancellation by the buyer, nor in fact for equipment on which 90 percent of the purchase price is to be paid before installation.

We are not now concerned with such matters. Our only concern is whether the contract shows on its face that Walden Terrace, Inc., has executed the confession of judgment. There are only two indicia of such inclusion: (1) Seller's proposal seems to be addressed to Walden Terrace, Inc.; (2) Walden Terrace, Inc., is recited in the contract as being the owner of the property upon which the equipment is to be installed.

On the other hand, there is no indication as to the identity of Sol Goldberg, either in the contract or in the affidavit of default which states that he and one Max Karp (also unidentified) canceled the contract.

In argument defendant volunteered the information that Goldberg was the general contractor with a stipulation against liens so far as Walden Terrace, Inc., is concerned and plaintiff urges consideration of the allegation—also in argument—that Walden Terrace, Inc., is a one-man corporation and that Goldberg is the man. We are bound in deciding this case to disregard totally both items of extracurial information.

In making the former order, we were impressed at first glance with cases cited by plaintiff in which informal executions of confessions of judgment were sanctioned by the courts: Harr, Secretary of Banking

et al. v. Bernheimer et al., 322 Pa. 412; Collins v. Tracy
Grill & Bar Corporation, 144 Pa. Superior Ct. 440.

Those cases differ from ours in that in both cases,
defendant's signature is purported to have been signed
to the instrument. In the Bernheimer case the question
was whether the agent who signed his name
had authority to do so and the court held (p. 416)
that the matter of agency was to be raised on a petition
to open and not upon a motion to strike. In the
Tracy Grill case, again, one Kinder signed *the name*
of Tracy Grill and Bar Corporation designating himself
as president and treasurer. The Superior Court
held (page 448) reciting from Snyder Bros. v. Bailey,
165 Ill. 447, 46 N. E. 452:

" 'We think, the warrants being executed by officers
recognized by the law as being proper persons to do
so if authorized—there being nothing to show such
authority or the absence thereof—the instruments
are prima facie valid.' "

These cases are held to be analogous to those where
a charge of forgery is made: Mielcuszny et ux. v.
Rosol et ux., 317 Pa. 91; Austen v. Marzolf et al., 294
Pa. 226. In that case the confession of judgment
purports to have been executed by defendant and
therefore until the question has been decided, plaintiff
will not be deprived of his lien. His remedy, despite
the inconvenience of an open judgment against him
is to open and not to strike.

The difference between the cases cited and ours is
that in those cases the right to enter the judgment
was apparent on the face of the record and the matters
that might defeat the judgment were dehors the record.
In our case there is nothing on the record to show
that the apparent buyer—going that far with plaintiff's
contentions—ever executed the warrant of attorney
and there is no statement on the record that
Goldberg signed for defendant.

Plaintiff stresses the point that reasons to strike must appear from the record itself. It misses the more fundamental point that, before that question can arise, the authority to enter the judgment— against a particular defendant—must appear on the face of the document: Solazo v. Boyle et al., 365 Pa. 586, 588; Stewart v. Lawson, 181 Pa. 549, 550. As pointed out above, even if facts not apparent on the document could be supplied by the affidavit of default —and we believe that they must be confined strictly to facts relating to default and cannot be extended to identification of parties—the affidavit in this case does not supply such facts.

Defendant has cited cases not strictly apposite, but persuasive nevertheless to show that a confession of judgment cannot be extended to persons who have not executed such an instrument: Stewart v. Lawson, supra; Cutler Corporation v. Latshaw, 374 Pa. 1, 4; Griffin Oil Company v. Toms, 170 Pa. Superior Ct. 203, 205.

Since it does not appear on the face of the record that defendant executed the contract containing the confession of judgment, the judgment should have been stricken off.

Now, January 3, 1955, the order heretofore entered on November 29, 1954, is striken off as inadvertently entered and after deeper consideration, it is ordered and directed that the judgment entered against Walden Terrace, Inc., to September term, 1954, no. 682, in favor of Queen City Heating Company, Inc., be and the same is hereby stricken off the records of the Court of Common Pleas of Lehigh County, without prejudice to the right of plaintiff to proceed in assumpsit to enforce any remedies it may have against any party to the contract.