# Littell *versus* The Scranton Gas and Water Company.

*Dissolution of Foreign Attachment does not release Garnishee.—Proof of consideration for alleged Transfer.—Judicial Sale of Stock.*

1. In foreign attachment where an appearance is entered for the defendant, and judgment is entered for the plaintiff by agreement, the attachment is not thereby dissolved, but binds the debt in the hands of the garnishees as it existed when the writ was issued.

2. A debt due by a firm, the builders of gas and water works, was attached in foreign attachment in the hands of the company at the suit of a firm creditor in January 1858: in February 1859, the company, in part payment of the debt due the contractor, issued 200 shares to S. B., one of the firm, and 200 to the firm, which the same month were sold and transferred by S. B. to L., the power of attorney for the firm transfer being executed only by him: in April 1859, judgment was confessed in the attachment and the stock levied and sold. In September 1859, the purchaser sold to J. B., another of the firm, to whom the company issued a certificate, having had no notice or knowledge of the assignment to L. by S. B. In February 1860, L. produced the original certificates and demanded a transfer to him, which being refused he brought his action therefor. *Held*, that under the circumstances, the sale under the judgment by the sheriff was as effective as if the plaintiff in the attachment had proceeded by *scire facias* against the garnishees, under the Foreign Attachment Law, and passed a good title to the purchaser for the stock.

3. In an action against the company for refusing to permit the transfer, it was incumbent on the plaintiff, to enable him to recover, to show affirmatively that the transfer to him was for a valuable consideration

ERROR to the Common Pleas of *Luzerne county*.

This was an action on the case, brought April 10th 1860, by John C. Littell against The Scranton Gas and Water Company, to recover damages for not transferring to him four hundred shares of the stock of the company, which he claimed to hold by assignments dated February 14th and March 14th 1859, from S. S. Battin, a member of the firm of S. S. Battin & Co., to whom they had been issued by the company.

The defence was that the stock in question had been attached by T. Cornell & Co., creditors of S. S. Battin & Co., in the hands of the company, January 25th 1858, judgment recovered against the defendants, an execution sued out, and the stock (which then stood on the books of the company in the name of S. S. Battin & Co.) levied upon and sold by the sheriff June 28th 1859, to persons who demanded and received a regular transfer of the stock on the books of the company.

The only errors assigned were to the charge of the court, under which there was a verdict and judgment for the defendants.

All the material facts of the case will be found in the opinion of this court.

*Sanderson* and *Willard*, for plaintiff in error.

[Littell *v*. Scranton Gas and Water Co.]

*McClintock* and *Sherrerd,* for defendants.

The opinion of the court was delivered, May 10th 1862, by

READ, J.—S. S. Battin & Co., composed of Joseph Battin, Sylvester S. Battin, and John C. Beardsley, built the works at Scranton for the defendants, and thus became their creditors. On the 2d February 1859, the defendants, in part payment of their debt, issued two hundred shares of their stock to S. S. Battin & Co., and on the same day issued two hundred more shares of their stock to S. S. Battin, who receipted for the same for S. S. Battin & Co.  S. S. Battin, on the 14th of February 1859, by deed, assigned the first two hundred shares to the plaintiff, with a power of attorney to Joseph A. Scranton, Esq., to transfer the same.  This deed is signed S. S. Battin & Co.  On the 4th March 1859, by a similar deed and power, S. S. Battin assigned the second two hundred shares to the plaintiff.

On the 25th January 1858, T. Cornell & Co. issued a foreign attachment in debt against S. S. Battin & Co., with clause of summons to the Scranton Gas and Water Company, and others, and the defendants in the said attachment caused an appearance to be entered for them, and took defence to the action, which was so proceeded in that a judgment was entered, by agreement, in favour of the plaintiffs on the 9th of April 1859, for $234.95, with prothonotary's costs and interest.  Upon this judgment a *fi. fa.* was issued to August Term 1859, No. 166, and placed in the sheriff's hands on the 16th May, and levied on the above shares of stock *inter alia,* which were sold on the 28th June to T. F. Hunt for $125, who, in September 1859, transferred them to Joseph Battin, to whom a certificate therefor was issued by the gas and water company, who had neither knowledge or notice of the assignments to John C. Littell, mentioned in the statement by the Reporter.  In February 1860, Mr. Littell, in person, or by attorney, produced the original certificates and assignments to the secretary of the gas and water company, and demanded a transfer to him, which was refused, and on the 10th April 1860 this suit was commenced by the plaintiff against the defendants to recover damages for the non-transfer to him of the said four hundred shares of stock.

Upon this statement of facts appearing upon the trial of the cause, it appears to resolve itself into a question of law upon a fair construction of that portion of the Act of the 13th June 1836, relating to foreign attachments.  The 64th section of this act introduced a new provision for the benefit of a defendant in a foreign attachment, by which he was allowed to cause an appearance to be entered for him, and to take defence to the action, in which case the action should proceed as if commenced by a summons; but the attachment shall nevertheless continue to bind the estate or effects attached, as in other cases, unless judg-

ment be rendered for the defendant in such attachment; and if judgment be rendered for the plaintiff, such judgment shall have the like force and effect as in case of a suit commenced by summons.

In speaking of this clause, the revisers say : " We have also provided a method in which the claim of a plaintiff may be tried without dissolving the attachment." And in further reference to this section, which was the 66th in their bill, the revisers say : " The provision of this section is entirely new to our practice; but we think it is not objectionable in principle, while in some instances it may be the means of preventing injustice. We have reason to believe that cases have occurred of a defendant in a foreign attachment being unable to find the bail required, and therefore, although he had a substantial defence to the claim or a part of it, he was not allowed by the existing law to offer any defence. If the section should be adopted by the legislature, it will give such a defendant the opportunity of making a defence upon the merits, without depriving the plaintiff of his lien upon the goods or estate attached."

The foreign attachment, therefore, not being dissolved by the proceedings against the defendants but ending in a judgment in favour of the plaintiffs, bound the debt due by the Scranton Gas and Water Company to S. S. Battin & Co., and of course the four hundred shares substituted in part discharge of the same, and if the plaintiffs had proceeded according to the proviso of the section, by *scire facias* against the garnishee, there can be no doubt that a sale under this form of proceeding would have vested a good title to these shares in the purchaser at sheriff's sale. The question then is, under the circumstances of this case, whether the sale under the judgment against the defendants has not substantially produced the same result. The defendants cannot complain, for as to them the sale is a valid one, nor do the garnishees who were bound by the attachment, for the same result would have taken place on the *scire facias*, to which they could have interposed no available defence, and under the equity of Crawford *v.* Barry, 1 Binn. 481, there could be no valid reason on their part to interpose to prevent the sale by the sheriff of stock, the property of the defendants, and as such bound by the foreign attachment to which all transfers, even for a valuable consideration, were subordinated. Besides, these shares were purchased finally by one of the defendants, to whom the certificate was issued directly, who, in case they had been improperly transferred to a *bonâ fide* purchaser, would be the proper party, with, perhaps, the other defendants, to respond to him in damages for the loss of his stock by the defendants.

We are, therefore, disposed in this case to place the sheriff's sale on the same footing as if it had been made under a *scire*

[Littell *v.* Scranton Gas and Water Co.]

*facias* against the garnishees, which could only have resulted in the same way after a short delay. Under the cases of The United States *v.* Vaughan, 3 Binn. 394, and Commonwealth *v.* Watmough, 6 Whart. 117, the transfer to John C. Littell should have been affirmatively proved to have been for a valuable consideration, and upon examining the evidence I do not find any such clear proof; the witness who was present and witnessed the execution of these writings, expressly saying, "I don't know of any consideration for the transfer." Besides, this stock was sold on the 20th June 1859 to T. F. Hunt, who, in September of the same year, assigned the same to Joseph Battin, an original defendant and member of the firm; and no notice of the assignment to Littell was ever given to the company or any one else, so far as is disclosed by the evidence, before February 1860, when a demand was made on his behalf for a transfer of the shares to him.

For these reasons, therefore, we think the plaintiff was not entitled to recover, and that the court below were right in entering judgment for the defendants.

Judgment affirmed.