Rogers L. Barstow & others vs. City Trust Company.

Suffolk.  November 10, 1913. — January 9, 1914.

Present: Rugg, C. J., Hammond, Loring, Braley, & De Courcy, JJ.

*Corporation*, Rights of stockholder, Transfer of shares. *Stockbroker. Conversion. Contract*, What constitutes. *Evidence*, Relevancy. *Statute.*

The owner of shares of stock in a corporation indorsed in blank a certificate representing the shares and delivered it to a bank in Michigan as security for a loan. The cashier of the bank embezzled the certificate and, after having passed through various hands, it was sold in Boston to a stockbroker who had no notice of any right of its original owner. The stockbroker presented the certificate to the corporation's transfer agent in Boston, who received it and sent it to the corporation, and refused to deliver to the stockholder either the same certificate or a new certificate for the same number of shares. The stockbroker brought an action against the transfer agent, with a declaration containing counts in both tort and contract. At the trial there was no evidence of the law of Michigan, and it was *held* that the rule of the common law of this Commonwealth applied, that the plaintiff never received any title to the certificate or to the shares of stock which it represented, and that the transfer agent was under no liability to him, either in contract or in tort.

Evidence of a custom in the city of Boston in regard to the effect of a sale and delivery of a certificate of capital stock in a corporation, indorsed in blank by the person whose name appears upon its face, is not admissible in an action by a stockbroker, who purchased in good faith in Boston a certificate, indorsed in blank, which had been stolen from one to whom it had been pledged by its owner in Michigan, in the absence of evidence that a custom of the same nature prevailed at the time and place of the pledge.

Sections 1, 5, and 7 of St. 1910, c. 171, as to the transfer of title to certificates of shares of stock in corporations and to the shares which they represent, and especially as to the effect of the delivery of certificates without authority from the owner, have no extraterritorial application.

Tort or contract, with a declaration in two counts, the first count alleging that the defendant was the transfer agent of the Greene-Cananea Copper Company, that the plaintiff delivered to the defendant certificate No. A 4708, representing one hundred shares of the capital stock of that corporation, for the transfer of the stock to him, that by receiving the certificate the defendant agreed to return it or a new certificate in its place, and that it had refused to do so. The second count was in tort for the conversion of the certificate. Writ dated June 7, 1911.

In the Superior Court the case was heard by *Pratt*, J., without

a jury, upon an agreed statement of facts, which were "to be taken as proved, subject to the right of either party to object to the competency of any portion thereof." The facts agreed upon were in substance as follows:

The certificate described in the declaration stood on the corporation's books in the name of M. Reinhard Schumacher. Schumacher had indorsed it in blank and had pledged it to the First National Bank of Ironwood, Michigan, as security for a loan. The cashier of the bank had embezzled the certificate.

The plaintiffs, who were stockbrokers doing business in Boston under the firm name, Chase and Barstow, purchased in Boston from Hamlin, Nickerson and Company, stockbrokers, one hundred shares of the capital stock of the Greene-Cananea Copper Company, and, to complete the sale, Hamlin, Nickerson and Company delivered to the plaintiffs the certificate described in the declaration, which they had purchased from J. Thomas Rinehardt of New York for full value and without notice of any claim of ownership by any other person or persons.

The plaintiffs thereupon on October 21, 1909, presented the certificate to the defendant for transfer of the stock to their name. The defendant received the certificate, but refused to make the transfer, and, acting under instructions previously given to it by the Greene-Cananea Copper Company, sent the certificate to that corporation and it was impounded in Minnesota in a suit brought there by Schumacher against that corporation, the defendant in this suit, Hamlin, Nickerson and Company and others. In the Minnesota suit a final decree was entered establishing Schumacher's rights to the certificate and to the shares which it represented.

"As bearing on the effect of the deliveries of the stock by holders intermediate to Schumacher and the plaintiffs, it is agreed, if material, that there was a settled usage or custom in Boston, at the time of the transaction in question, among those dealing in certificates like those in the case at bar, to pass title to the same by delivery of the certificates with the assignment on the back executed by the person named in the certificate, but with the space for the transferee's name left blank, and to regard certificates so indorsed as assigned to bearer, and by this usage and custom certificates so indorsed passed from hand to hand without inquiry

as to the title of intermediate holders. So far as the defendant transfer agent is concerned, it was the practice to require that the name of the transferee be filled in upon the transfer form of a certificate of stock before accepting the same for transfer, and it is agreed that this was done in the case at bar. A form of certificate is" as follows:

"For value Received    hereby sell, assign and transfer unto                Shares of the Capital Stock represented by the within Certificate, and do hereby irrevocably constitute and appoint                Attorney to transfer the said stock on the Books' of the within named Company with full power of substitution in the premises.

Dated            19

In Presence of

"NOTICE: The signature to this assignment must correspond with the name as written upon the face of the Certificate, in every particular, without alteration or enlargement, or any change whatever."

The first seven of the plaintiff's requests for rulings, referred to in the opinion, were as follows:

"1. On all the evidence the plaintiffs are entitled to recover under their first count.

"2. On all the evidence the plaintiffs are entitled to recover under their second count.

"3. Where the holder of a certificate of stock indorsed in blank by the person in whose name the certificate is issued, presents the same to the authorized transfer agent of the corporation issuing the certificate, there is an implied agreement on the part of the transfer agent, if for any reason it refuses to issue a new certificate in place of the one presented for transfer, to return the original certificate to the person presenting it for transfer.

"4. The plaintiffs are entitled to recover as damages the market value of the stock as of the date of the defendant's refusal to return the certificate with interest thereon to the date of the verdict.

"5. A certificate of stock indorsed in blank is property subject to conversion. In order to entitle the plaintiffs to recover for conversion of the stock, it is not necessary that they should prove title thereto, but it is sufficient if they show possession under a claim of title.

"6. If the plaintiffs presented the certificate in question to the defendant for the purpose of having it cancelled and a new certificate issued in place thereof and the defendant thereafter, upon being requested, refused either to make the transfer or to deliver the original certificate to the plaintiffs, but retained possession thereof, this amounts to a conversion of the stock and the plaintiffs are entitled to recover.

"7. If the defendant converted the stock, the plaintiffs are entitled to recover its market value as of the date of the conversion, together with interest thereon to the date of the verdict."

The judge excluded the evidence as to the custom in Boston, described above, refused to give the rulings asked for by the plaintiffs, "ordered judgment for the defendant" and reported the case to this court with the stipulation that, if upon such agreed facts as properly were admissible in evidence the ordering of the judgment was wrong and the plaintiffs were entitled to recover, judgment should be entered for the plaintiffs in the sum of $1,062.50 with interest, or for nominal damages, if such ordering were admissible; otherwise, judgment was to be entered for the defendant.

*W. B. Luther*, for the plaintiffs.

*P. G. Carleton*, for the defendant.

BRALEY, J.   A certificate of stock issued by a corporation with a form of assignment and power of attorney to make the necessary transfer printed on the back, which has been signed in blank by the owner, is not at common law a negotiable instrument, title to which passes by delivery.   If obtained feloniously from the true owner, his title ordinarily is not divested upon sale by the thief to a purchaser for value, without notice of the theft. *Scollans* v. *Rollins*, 173 Mass. 275, 278.   The case at bar upon the agreed facts falls within this familiar rule.   The original owner of the stock in question, one Schumacher, after signing the certificate in blank, pledged it as security for a loan to a national bank whose cashier subsequently embezzled and appropriated the certificate to his own use.   It is under his felonious act that the plaintiffs derive their alleged title.   But as no title passed, the defendant as the transfer agent of the corporation is not liable either in contract, or tort for its refusal to return the certificate presented for transfer, or to issue therefor a new certificate.   *Spooner* v. *Holmes*, 102 Mass. 503.   *O'Herron* v. *Gray*, 168 Mass. 573.

The evidence of a local custom that a good title passed by delivery under either a sale or a pledge, where the certificate is indorsed in blank or is transferred by a separate instrument, and power of attorney, if the signature is guaranteed by a stock exchange house and witnessed, because as stated in *Baker* v. *Davie*, 211 Mass. 429, 436, "the owner, having given another such indicia of title as clothes him with the appearance of ownership, is precluded from setting up title in himself as against a holder in good faith," was rightly excluded. If the custom is good, — a question we do not decide, — the pledge took place in another jurisdiction where a custom of this character is not shown to have prevailed, and under such circumstances as to preclude any inference that Schumacher had any reason to anticipate embezzlement by the cashier or that the certificate through his criminal act might come into the possession of the plaintiff or other foreign purchasers who were ignorant of the true ownership. *Barrie* v. *Quinby*, 206 Mass. 259, 264, 265. *Russell* v. *American Bell Telephone Co.* 180 Mass. 467.

We add, as matter of precaution, that the St. of 1910, c. 171, §§ 1, 5, and 7 has no extraterritorial application.

The failure of the plaintiffs for these reasons to prove title in themselves justified the presiding judge in refusing the first seven rulings requested, and the remaining seven requests, to meet other grounds of defense, therefore became immaterial.

*Judgment for the defendant.*