WALTER S. PLACE *vs.* ALFRED B. CHAFFEE & another.

Suffolk.    January 21, 1925. — February 27, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Corporation*, Transfer of shares. *Bona Fide Purchaser. Estoppel.*

One who, having purchased shares of stock of a corporation in good faith, receives a certificate bearing the indorsement of the record holder and purporting to be indorsed in blank, receives no title to the shares represented by the certificate which he can assert against the record holder if it appears that the record holder had indorsed the certificate specially and had delivered it to one who had represented himself to be a representative of the indorsee named and that, before the certificate was delivered to the purchaser, the name of the special indorsee had been erased by some unknown person without authority of the record holder or his indorsee.

The facts above described formed no basis for estopping the record holder from claiming title to his certificate and his shares as against the purchaser.

G. L. c. 155, § 31, was not applicable to the facts above described.

BILL IN EQUITY, filed in the Superior Court on June 6, 1923, against Albert B. Chaffee and The New England Trust Company to enjoin the defendant Chaffee from transferring fifteen shares of stock of Hamilton Woolen Company and to require the issuance of new certificates to the plaintiff.

In the Superior Court, the suit was heard by *Hammond*, J. Material facts found by the judge are described in the

opinion. By his order a final decree was entered dismissing the bill. The plaintiff appealed.

*F. J. Good,* for the plaintiff.

*A. S. Houghton,* for the defendants.

CROSBY, J. This is a suit in equity to enjoin the defendants from disposing of two certificates of stock of the Hamilton Woolen Company which were issued and stood in the name of the defendant Chaffee; and to require the defendant The New England Trust Company, transfer agent of the Woolen Company, to deliver to the plaintiff new certificates representing the shares in question, and any cash or dividends received on the same since April 7, 1922.

The case was heard by a judge of the Superior Court who made the following findings: "I find that the defendant Chaffee specially indorsed the certificates in question to 'H. D. Howard and Co.' and on April 7, 1922, delivered them so indorsed to some unknown person representing himself to be a messenger sent by H. D. Howard and Company to receive the certificates. Thereafter this special indorsement was erased from the certificates by some unknown person. The plaintiff purchased fifteen shares of Hamilton Woolen Company on April 8, 1922, from A. M. Alde and Company. These two certificates were delivered to the plaintiff on April 8, 1922, by Alde and Company in pursuance of this purchase and at, that time appeared to be indorsed in blank, the special indorsement having been obliterated. The plaintiff bought and took the certificates in good faith without notice of any defect or infirmity of title or any facts making the transfer wrongful and paid $1,200 for the shares.

"On the morning of April 8 the plaintiff after purchasing the shares in question, and after Alde's messenger had brought in the certificates aforesaid, sent his own messenger with the certificates to the New England Trust Company, the transfer agent of the Hamilton Woolen Company, who informed the plaintiff's messenger by some person in its transfer department that the certificates would be accepted for transfer when filled in. The messenger of the plaintiff therefore filled them in and left the certificates with the Trust Company and delivered to Alde's messenger the plaintiff's

check for the purchase price. At two o'clock upon the same day the Trust Company received a telegram from the defendant Chaffee ordering them to stop the transfer and stating that the stock had been stolen.

"By the indorsement to 'H. D. Howard and Co.' the latter became 'the person appearing by the certificate to be the owner thereof' and 'of the shares represented thereby' and title to the certificates and the shares could be transferred only by indorsements upon the certificates or a separate assignment or power of attorney signed by 'H. D. Howard and Co.' (see G. L. c. 155, §§ 27 and 44)."

Upon the foregoing findings, the judge ruled that, as against the defendant Chaffee, the plaintiff had no title to the certificates and the shares represented thereby; and ordered a final decree to be entered dismissing the bill. From this decree the plaintiff has appealed.

The only way in which title to the certificates and the shares of stock in a corporation can be transferred is set forth in G. L. c. 155, § 27. Such transfer must be made either (a) "By delivery of the certificate endorsed either in blank or to a specified person by the person appearing by the certificate to be the owner of the shares represented thereby; or (b) By delivery of the certificate and a separate document containing a written assignment of the certificate or a power of attorney to sell, assign or transfer the same or the shares represented thereby, signed by the person appearing by the certificate to be the owner of the shares represented thereby. Such assignment or power of attorney may be either in blank or to a specified person." The trial judge found that the defendant specially indorsed the certificates to H. D. Howard and Co. and delivered them to some unknown person representing himself to be a messenger sent by that firm. By this indorsement the firm became the person appearing by the certificate to be the owner thereof, and of the shares represented thereby, until it indorsed the certificates to another specified person. G. L. c. 155, § 44.

After the defendant Chaffee delivered the certificates to the messenger, indorsed to H. D. Howard and Co., the title could pass only by the indorsement of that firm, or by the assignment by it by a separate document together with

the delivery of the certificates. No such indorsement or assignment was made. On the other hand it appears that after delivery by Chaffee to the messenger the indorsement to "H. D. Howard and Co." was obliterated, and thereafter the plaintiff bought the certificates in good faith, without any notice of the defect or infirmity of title, and paid value therefor. Even if there was no delivery to H. D. Howard and Company, nevertheless, when the certificates left the possession of the defendant Chaffee, H. D. Howard and Company appeared thereon as the owner by indorsement, and the fraudulent alteration of the certificates by erasure of the special indorsements gave no title to the plaintiff: the indorsement of H. D. Howard and Company still was necessary to transfer title. G. L. c. 155, § 43. Section 41 of the same statute specifically provides that "The alteration of a certificate, whether fraudulent or not and by whomsoever made, shall not deprive the owner of his title to the certificate and the shares originally represented thereby, and the transfer of such a certificate shall convey to the transferee a good title to such certificate and to the shares originally represented thereby." There are no facts in the case at bar from which it can be found that by reason of any act or omission by Chaffee he is estopped from claiming title to the certificates as against the plaintiff. *Munroe* v. *Stanley,* 220 Mass. 438, 445. *Stone* v. *Sargent,* 220 Mass. 445, 450. *Crosby* v. *Simpson,* 234 Mass. 568, 575.

The contention of the plaintiff that he is entitled to the stock by virtue of G. L. c. 155, § 31, cannot be sustained. That section provides: "The delivery of a certificate to transfer title in accordance with section twenty-seven shall be effectual, except as provided in section thirty-three, though made by one having no right of possession and having no authority from the owner of the certificate or from the person purporting to transfer the title." The section has no application to this transaction, where the certificates were indorsed to a specified person and such special indorsements were thereafter fraudulently erased. *Baker* v. *Davie,* 211 Mass. 429, 436, 439. *Barstow* v. *City Trust Co.* 216 Mass. 330, 334.

*Decree affirmed with costs of the appeal.*