Zalesky, Appellant, *v.* The Northwestern Phila. Building Association.

Argued October 9, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

M. *Edelman,* and with him *A. Jere Creskoff,* for appellant.

E. *Moss* of *Moss & Moss,* for appellee.

OPINION BY WHITMORE, J., December 12, 1930:

This is an appeal by the plaintiff from a final judgment of the court below refusing the plaintiff a peremptory mandamus.

The facts are as follows: The plaintiff filed her petition alleging, inter alia, that she was the holder and owner of twenty shares of the capital stock of the defendant association originally issued to Joseph Zalesky and subsequently transferred on the books of the association to Hyman Zalesky; that the latter transferred to the petitioner all of his right, title and interest in said 20 shares, as appears by copy of the assignment attached to the petition and marked Exhibit "A." That the cash value of the stock was in excess of $2,000 and that at a regular monthly meeting of the association she made application for a loan of $1,000 and was informed by the secretary that she was entitled to a loan of that amount and that the money was available; that she executed the stock loan note and collateral assignment of the stock to the association and at various times had demanded the sum of $1,000 but the association refused to comply with such demand.

An alternative mandamus was issued directed to the defendant and its secretary, ordering that they cause to be paid to the plaintiff $1,000 as a stock loan secured

by the said twenty shares of stock, or that they be and appear and show cause why they should not do the same.

The defendants filed a full and complete answer to the petition, alleging that Muriel Zalesky, plaintiff, was not the owner of the stock and did not purchase it but held it for her father, Hyman Zalesky; that she was a minor and only a bare trustee and that the shares of stock were ostensibly transferred to her by her father in an attempt to prevent creditors collecting from her father; that the transfer was without any consideration but for the purpose of defrauding the creditors of Hyman Zalesky, of whom the defendant was one. The answer further denied that the petitioner was informed that she was entitled to a stock loan of $1,000 or any other sum but that a stock loan note in the sum of $1,000 executed by her was presented to the board of directors of the defendant company and the loan was refused. It was admitted that the secretary refused to deliver a check for $1,000 to the petitioner and averred that the refusal was in accordance with instructions he received; it was further averred that Hyman Zalesky and Gertie, his wife, father and mother of the petitioner, were owners of certain real estate in the City of Philadelphia, upon which they had borrowed a large sum from the defendant; executing a bond, warrant and mortgage to secure the same, and defaulted in payment of interest, premiums and dues on the mortgage and interest on a first mortgage, and that foreclosure proceedings had been instituted on the first mortgage.

The plaintiff filed a demurrer to the return to writ of alternative mandamus which admits the averments of the return, including the fact that the assignment of stock by the real owner to Muriel Zalesky, was

made for the purpose of defrauding creditors, of which the defendant was one.

The reasons for the demurrer were (1) because the return is uncertain, vague, evasive, equivocal and unresponsive, and (2) because the return did not meet the requirements of the Act of June 8, 1893, P. L. 345.

The 13th section of the act referred to respecting the filing of a return is as follows:

"In such return, certainty to a certain intent in general, and no more, shall be required. If the return is uncertain, vague or evasive or informal in any respect, such opportunity may be afforded for the correction thereof as to the court shall seem just and reasonable."

The answer or return of the defendant was certain, full and explicit with respect to all matters contained in the petition. The ownership of the stock by the plaintiff was specifically denied and the return was sufficient in all respects to enable the court to determine the law. The return is direct and stated in an unqualified manner not inferentially or argumentatively but with certainty and plainness. This is in accordance with the law as laid down in Commonwealth v. Commissioners of Allegheny County, 32 Pa. 218, and Douglas v. McLean, 25 Pa. Superior Ct. 9.

Under the facts as set forth in the petition and answer the plaintiff was not entitled to a peremptory mandamus and the judgment of the lower court is affirmed.