## Soltz *v.* Exhibitors' Service Company et al., Appellants.

Argued March 29, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*William S. Doty,* with him *Thomas A. Thornton,* of *Doty & Thornton,* and *John M. Walker,* for appellants.

*Chas. H. Sachs,* of *Sachs & Caplan,* for appellee.

OPINION BY MR. JUSTICE LINN, April 24, 1939:

This appeal is from an order sustaining a demurrer to defendants' return to the alternative writ of mandamus requiring appellant, a Pennsylvania corporation, to recognize transfers of two stock certificates and to issue new certificates to plaintiff. The certificates, one

for 100, and the other for 40 shares, had originally been issued to and stood in the name of Mayer Silverman.

On February 21, 1936, Louis Sitnek, who is not a party to this suit which was brought October 26, 1938, presented the certificates and requested that new ones be issued to him. The corporation acknowledged their receipt, and, over its president's signature, stated that "new certificates for an equal number of shares will be issued within ten days from this date." They were, however, not issued, and in justification of the refusal, defendants, in their answer in this proceeding, denied that "the certificates were or are duly transferred and assigned to Louis Sitnek by Mayer Silverman. On the contrary said assignments, appearing on said certificates as purporting to be to Louis Sitnek, were and are obviously garbled and altered, the assignments having originally been made by said Mayer Silverman at a previous date, in the year 1933, to Sarah Silverman, now deceased, and her name as assignee having been partially obliterated thereon, and the name of Sitnek substituted therefor, without her knowledge or consent, and the original date of the assignment to her obliterated, garbled, and altered to February 24, 1936, being a date three days after their presentation for transfer to said Sitnek." They averred that Sarah Silverman died March 23, 1936, without having consented to the change in the assignments, and that her personal representatives have not consented.

On October 6, 1938, Sitnek delivered to plaintiff an assignment of the shares which plaintiff then made the basis of his demand on the corporation and of this suit. Defendants contend that the alleged defect in Sitnek's title appears by inspection of the certificates, and that therefore neither he nor plaintiff is in the position of a bona fide purchaser for value without notice.[1] They

---

[1] Cf. *Littell v. Scranton Gas, etc., Co.,* 42 Pa. 500, 503; *Zalesky v. Northwestern Phila. Bldg. Assn.,* 101 Pa. Superior Ct. 274.

aver that Silverman's transfer was a fraud on his creditors, of whom, defendant Callahan, president of the corporation, was one.

The learned court below thought the answer inadequate for want of averment that the certificates had been delivered to Sarah Silverman, and for insufficiency of averment of fraud on Silverman's creditors.

It is the duty of the corporation, on proper request, to make due and legal transfer of stock sold or assigned: *Schmitt v. Kulamer*, 267 Pa. 1, 7, 110 A. 169, and to issue new certificates to the transferee: *Com. ex rel v. Camp*, 258 Pa. 548, 108 A. 205; *Altaffer v. Anderson Auto. Co.*, 77 Pa. Superior Ct. 63. But, the corporation must also guard its shareholders against unauthorized stock transfers and, if derelict in this respect, must answer to the injured shareholder either by issuing new certificates, or in damages: *Walker v. Pa. Co. etc.*, 263 Pa. 480, 106 A. 795; *Penna. Co. etc. v. Franklin Fire Ins. Co.*, 181 Pa. 40, 37 A. 191; *Penna. R. R. Co.'s Appeal*, 86 Pa. 80; *Lake Superior Corp. v. Rebre*, 65 Pa. Superior Ct. 379. To aid in performing this duty, the corporation "may rightfully demand evidence of authority to make a transfer before they permit it to be made. Their own safety requires that they be satisfied of the right of the person proposing to make a transfer to do what he proposes": *Bayard v. Farmers' & Mechanics' Bank*, 52 Pa. 232, 235. The corporation will not be liable in damages for refusing to transfer stock and issue new certificates after notice of defects in the proposed transfer: *Livezey v. Northern Pacific R. R.*, 157 Pa. 75, 27 A. 379.

The first question is whether defendant was justified in refusing to transfer the stock to plaintiff without explanation of the suspicious circumstances alleged. If the partially obliterated endorsements of the certificates to Silverman's wife are regarded as showing that they had been transferred to her, (sec. 21 of the Uniform Stock Transfer Act, referred to later) the refusal of

plaintiff's demand would find support in the rule applied in cases cited above and the writ would not be issued until the court was satisfied that the corporation was assured of adequate protection against loss.

The Uniform Stock Transfer Act of 1911, P. L. 126, 15 PS section 301 et seq., sets forth the methods by which stock may be transferred. Section 1, 15 PS section 301, provides, inter alia, that certificates and the "shares represented hereby can be transferred only (a) By delivery of the certificate, indorsed either in blank or to a specified person, by the person appearing by the certificate to be the owner of the shares represented thereby, . . ." Neither statute nor decision *(Shattuck v. American Cement Co.,* 205 Pa. 197, 54 A. 785; *Com. v. Crompton,* 137 Pa. 138, 20 A. 417) requires transfer on the books of the corporation to pass title. Section 21, 15 PS section 321, provides that the person to whom a certificate is indorsed is the "person appearing by the certificate to be the owner thereof." [2] Section 16, 15 PS section 316, says that "The alteration of a certificate, whether fraudulent or not, and by whomsoever made, shall not deprive the owner of his title to the certificate and the shares originally represented thereby, and the transfer of such certificate shall convey to the transferee a good title to such certificate and to the shares originally represented thereby." See *Place v. Chaffee* (Mass.) 146 N. E. 722. The erased assignment was notice to the corporation that the stock had been transferred to Sarah Silverman prior to the purported assignment to Sitnek. The corporation had to decide whether

---

[2] "Section 21. The person to whom a certificate was originally issued is the person appearing by the certificate to be the owner thereof, and of the shares represented thereby, until and unless he indorses the certificate to another specified person; and thereupon such other specified person is the person appearing by the certificate to be the owner thereof, until and unless he also indorses the certificate to another specified person. Subsequent special indorsements may be made with like effect."

the certificate showed probable ownership in one other than Sitnek or the plaintiff. Defendant is entitled to protection in such contingencies. In *Livezey v. Northern Pacific R. R.*, 157 Pa. 75, 85, 27 A. 379, supra, it was said the corporation "had a right to be protected by a judicial decree in an adversary proceeding in which all parties interested should or might intervene . . ." In *Walker v. Pa. Co. etc.*, 263 Pa. 480, 484, 106 A. 795, it was said that the corporation may insist that the transferor be brought in to acknowledge the signature. See also *Telegraph Co. v. Davenport*, 97 U. S. 369, 371. Here it would seem that if the personal representative of Sarah Silverman appeared and released, the corporation should be satisfied.

The averment that the proposed transfer by Mayer Silverman was in fraud of creditors, one of whom was George F. Callahan, the president of defendant corporation, requires no discussion; if Callahan has any claim against Silverman it cannot be redressed in this way; he has other familiar remedies.

The learned court erred in sustaining the demurrer; the order appealed from is reversed and the record is remitted for further proceedings, costs to abide the event.