## Green *v.* McKee (et al., Appellants).

Argued November 8, 1948. Before MAXEY, C. J.,
DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Joseph W. Henderson,* with him *Walter W. Hess*
and *Rawle & Henderson,* for appellants.

*Richardson Dilworth,* with him *James A. Sutton* and
*Paxson, Kalish, Dilworth & Green,* for appellee.

OPINION BY MR. JUSTICE DREW, January 10, 1949:

Robert M. Green, plaintiff, filed a complaint in quo
warranto to secure a judgment of ouster against defend-
ant, Roy J. McKee, as a director of the Potts-Farrington
Company, a Pennsylvania corporation, and for a decree
declaring himself a legally elected director of that com-
pany and requiring the other defendant-directors, Ray
P. Farrington, Thomas J. Quinn, George W. Hartman,
Herman E. Metius and Julius E. Muller, to so recognize
him. Defendant, McKee, filed an answer substantially
admitting all the averments of the complaint, and the
other defendants filed joint and several answers, denying
certain allegations. Plaintiff then replied to the New
Matter raised in the answers, and moved for judgment
on the pleadings. After argument, the learned court

below entered judgment in plaintiffs favor, and all defendants, except McKee, appealed.

An examination of the pleadings reveals the following admitted pertinent facts: On January 22, 1948, the annual meeting of the shareholders of the Potts-Farrington Company was held, and at that time, in accordance with the by-laws, an election was held for six directors to hold office for the term of one year from the date of the meeting. Defendants, Farrington, Quinn, Hartman, Metius and Muller, and also plaintiff and Charles I. Smith were nominated for directors. The chairman of the meeting ruled that plaintiff's nomination was not in order for the reason that he was not a stockholder as required by the company by-laws. Defendant, McKee, then assigned one share of stock to plaintiff. After some discussion, the meeting was adjourned for one hour, and upon reconvening, plaintiff produced a stock certificate for sixty-eight shares which McKee had obtained from his safe deposit box during the recess and which had been duly endorsed for assignment and transfer so that one share was to be issued to plaintiff and sixty-seven shares to McKee. Plaintiff then demanded that Smith, who was secretary of the corporation and also its transfer agent, register the transfer on the books of the company. On advice of counsel, Smith refused to make the transfer, giving as his reason that the request was unreasonable in view of the fact that it was not made prior to the meeting. Thereafter, defendant, McKee, was nominated for director, and Smith withdrew his nomination. The votes were then cast and plaintiff received the greatest number of those cast for any nominee, and defendant, McKee, received the least. The chairman then declared that the six defendants had been elected as directors. On February 10, 1948, transfer of one share of stock from McKee to plaintiff was duly registered on the corporation's books and a certificate for one share was

issued in plaintiff's name. All defendants, save McKee, have refused to recognize plaintiff as a director.

Article II, Section 1 of the by-laws of the Potts-Farrington Company states: "The Business of the Company shall be managed by a Board of Six Directors, in whom is hereby vested the corporate powers of the Company as far as they can be so delegated. *The said Directors must be Stockholders,* and shall hold office for the term of one year, and until their successors are elected and qualified." (Italics added.)

Plaintiff was a stockholders of the corporation at the time of the annual meeting on January 22, 1948, and, therefore, was eligible for election as a director, inasmuch as a stock certificate, duly endorsed for assignment and transfer of one share of stock, was produced at that meeting, and tendered to the secretary. That stock transfer tax stamps had not been affixed to the certificate at the time it was tendered to the secretary or that plaintiff did not become a duly registered holder of this share until February 10, 1948, is immaterial. "Neither statute nor decision . . . requires transfer on the books of the corporation to pass title": *Soltz v. Exhibitors' Service Co.,* 334 Pa. 211, 215, 5 A. 2d 899. There is nothing in the corporate by-laws that a candidate for director be a stockholder *of record* at the time of his election.

Defendants contend, however, that inasmuch as they averred in their answers that they were without knowledge sufficient to form a belief as to the truth of plaintiff's averment that he received a share of stock by assignment on January 22, 1948, and also alleged that defendant, McKee, voted such assigned share at the meeting, that, therefore, the facts concerning the assignment of the one share to plaintiff should be developed at a trial. With this argument we cannot agree. That defendants had full knowledge of the fact that plaintiff received a share of stock by assignment from McKee is obvious for all defendants were present at the meeting

of January 22, 1948, and the minutes of that meeting, a copy of which is attached to the complaint, show the following: "Mr. Green asked the Secretary to transfer one share of stock and offered Certificate #422, owned by Mr. Howard A. McKee, which he stated had been secured from Mr. McKee's Safe Deposit Box during the recess. Mr. Smith informed Mr. Green that he could not delay the meeting further to accomplish such transfer, and, upon advice of Counsel, refused to make a transfer at this time. Mr. Green then submitted orally the following: 'The meeting adjourned at 2:40 P.M. for the purpose of arranging for the transfer of one (1) share of stock from Howard A. McKee to Robert McCay Green, in order to meet the objection raised by the Chairman to the nomination of Mr. Green to be a Director of the Company, on the ground that he was not a shareholder.' On the resumption of the meeting at 3:50 P.M., Mr. McKee tendered to Mr. Smith, who is in charge of the stock transfer books of the Corporation, Stock Certificate #442 for 68 shares of the Potts-Farrington Co. endorsed for assignment and transfer so that one share of the said stock was to be issued to Robert McCay Green, and the remaining 67 shares to Howard A. McKee. No objection was made to the form or validity of the transfer, but Mr. Smith refused to make the transfer, upon the advice of Mr. Hess, Counsel for the Company. When asked by Mr. Green for the basis on which such advice was given, Mr. Hess said that in his opinion it was an unreasonable request . . ."

The mere fact that defendant, McKee, after the secretary refused to register the share assigned to plaintiff on January 22, 1948, voted that share together with his own at the election in question, is no indication that either McKee or plaintiff intended to disavow the assignment. That no disavowal was intended is clearly shown by the fact that the assignment of one share to plaintiff endorsed on the certificate was never changed, and by the further fact that on February 6, 1948, the

100

certificate representing the share assigned to plaintiff was again presented to the secretary, who, on February 10, 1948, duly recorded the assignment and issued a certificate for one share in plaintiff's name.

Under the circumstances, we are convinced that no real issue of fact was raised by the pleadings, and that the learned court below properly entered judgment in plaintiff's favor.

Judgment affirmed.