**HERTZ et al. v. RECORD PUB. CO. OF ERIE et al.**

Civ. A. No. 149.

United States District Court
W. D. Pennsylvania.

June 6, 1952.

S. Y. Rossiter, of Erie, Pa., and Charles E. Kenworthey, of Reed, Smith, Shaw & McClay, of Pittsburgh, Pa., for. plaintiffs.

William W. Knox, of Erie, Pa., and Lowell Goerlich, of Lamb, Goerlich & Mack, of Toledo, Ohio, for defendants.

BURNS, District Judge.

The instant complaint seeks an order requiring defendant corporation to issue its certificate for 150 shares of its common stock in the name of plaintiff Horvitz. A prior ruling on related matters is reported at D.C., W.D. Pa., 1952, 102 F.Supp. 689.

Pursuant to Rule 12(h) of the Federal Rules of Civil Procedure, 28 U.S.C., defendant has now interposed a "Suggestion of Lack of Jurisdiction" because, according to defendant, the proceeding "is in the nature of an original action of mandamus, of which the federal courts have no jurisdiction." Plaintiffs originally took the position that mandamus had been an available remedy prior to the promulgation of Rule 81 (b) of the Federal Rules of Civil Procedure, and that that Rule merely abolishes the writ

of mandamus but preserves the relief heretofore available by mandamus. Subsequently, plaintiffs shifted their ground and asserted that this is not an action in the nature of mandamus, but is an action in the nature of an equity suit to compel a corporation to transfer stock. This Court agrees with the original position taken by plaintiffs.

Shortly after the promulgation of the Federal Rules of Civil Procedure, the United States Court of Appeals for the District of Columbia stated that the remedy formerly known as mandamus was available under the new rules and was governed by the same principles as formerly governed its administration. See George Allison & Co. v. Interstate Commerce Commission, 1939, 70 App. D.C. 375, 107 F.2d 180, 181, certiorari denied 1940, 309 U.S. 656, 60 S.Ct. 470, 84 L.Ed. 1005. That interpretation still prevails in the District of Columbia Circuit.[1]

Logic supports the position taken by that Court of Appeals. Section 1651 of the Judicial Code, 28 U.S.C.A. § 1651, empowers this Court to issue all writs necessary or appropriate in aid of its jurisdiction and agreeable to the usages and principles of law; and Rule 81(b) of the F.R.C.P., which abolishes the writ, further states that relief formerly obtainable by mandamus "may be obtained by appropriate action", a clause which would be bereft of meaning if proceedings akin to mandamus were also abolished.

The rationale behind the elimination of a true mandamus action is well expressed in McBride v. Western Union Tel. Co., 9 Cir., 1949, 171 F.2d 1 at page 2, in which the plaintiff sought to compel the restoration to him of telegraph wire service which the defendant had discontinued. The Court of Appeals for the Ninth Circuit, recognizing that section 406 of Title 47 of the U.S. Code, 47 U.S.C.A. § 406, authorized district courts to issue writs of mandamus against communications carriers, held that the effect of Rule 81(b) of the F.R.C.P. was to substitute the simpler process of permitting a person believing himself aggrieved to sue in his own name, thereby making unnecessary the mere formality of pleading in the relator form.

It is concluded, therefore, that the instant complaint is in the nature of mandamus and that this Court has jurisdiction to grant the kind of relief requested.

### On Motions

Plaintiffs have filed a motion for summary judgment and defendant corporation a motion for judgment on the pleadings. Both motions must be denied.

The motion for summary judgment takes the position that, as a matter of law, plaintiff Horvitz is entitled to transfer of the certificate, now in the name of plaintiff Hertz, for 150 shares of the capital stock of defendant corporation. Sections 8–401 and 8–403 of the Final Text Edition of the Uniform Commercial Code prepared by the American Law Institute are, in my opinion, declaratory of the existing Pennsylvania law. These sections, reproduced in the footnote below, provide in substance that the issuer of a security must register a transfer as requested, if the security is so endorsed, if the issuer has no knowledge or notice of the unrightfulness of the transfer, and if any tax obligations are satisfied; and that an issuer is under no duty to inquire into the rightfulness of a transfer simply because the registered owner is holding the security for a third person.[1] See Soltz v. Exhibitors' Service Co., 1939,

1. See Hammond v. Hull, 1942, 76 U.S.App. D.C. 301, 131 F.2d 23, 25, certiorari denied 1943, 318 U.S. 777, 63 S.Ct. 830, 87 L.Ed. 1145, Higginson v. Schoeneman, D.C.Cir., 1951, 190 F.2d 32, 34–35, and Laughlin v. Reynolds, D.C.Cir., 196 F.2d 863.

See also Butler v. Thompson, D.C., E. D.Va.,1951, 97 F.Supp. 17, where the three-judge district court dismissed an action seeking to compel a Virginia county registrar and others to register the plaintiff as a voter and to permit her to vote in future elections. The question of the use of a proceeding in the nature of mandamus was not discussed in the opinion, which disposed of the case on the merits. The Supreme Court of the United States granted the motion of the defendants to affirm (1951) 341 U.S. 937, 71 S.Ct. 1002, 95 L.Ed. 1365.

1. "Section 8–401. Duty of Issuer to Register Transfer.

"(1) Where a person presents a security to the issuer with the request to

334 Pa. 211, 5 A.2d 899, and Leff v. N. Kaufman's Inc., 1941, 342 Pa. 342, 20 A.2d 786, 139 A.L.R. 267. Applying these principles to the case at bar, I find that defendant corporation has placed in issue the question whether anyone other than plaintiff Hertz has asserted a claim to the certificate since September 23, 1946. In view of the specific jury finding in the Court of Common Pleas of Erie County, Pennsylvania, that Hertz. is not the sole and absolute owner of the stock in his own right, I believe it is not unreasonable under the circumstances for defendant corporation to require plaintiffs to prove the ownership of the stock before the registration is transferred.

The motion of defendant for judgment on the pleadings is based primarily upon the theory that the same question has been already decided in the Court of Common Pleas of Erie County. The short answer to this contention is that, as far as is known to this Court, final judgment has never been entered in that proceeding. Moreover, the nature of the relief requested here differs, and Horvitz has joined formally as a plaintiff in the request for relief. It is obvious that defendant corporation cannot legally both deny transfer of registration and retain the certificate which Hertz surrendered to it. The other grounds assigned by defendant need not be discussed in detail.

register transfer of the security, the issuer must register the transfer as requested if

"(a) the security is fully endorsed for transfer in conformity with the following section; and

"(b) the issuer has no knowledge of the unrightfulness of the transfer and no duty to inquire into its rightfulness (Section 8–403); and

"(c) proof is submitted of payment or waiver of any taxes applicable to the transfer or of consent to transfer.

"(2) Where the issuer has registered a transfer pursuant to this section, he is not liable to any person suffering loss as a result of such registration."

"Section 8–403. Duty to Inquire Into Rightfulness of Transfer.

"(1) Where a security presented for registration is fully endorsed for transfer, the issuer is under no duty to inquire into the rightfulness of the transfer

unless he has notice of another claim to an interest in the security.

"(2) The fact that the issuer has notice that the registered owner holds the security for a third person or that the security is registered in the name of a fiduciary does not create a duty of inquiry into the rightfulness of the transfer. If, however, the issuer has notice that the transfer is to the fiduciary in his individual capacity or that the proceeds of the purchase have been placed in the individual account of the fiduciary or are made payable in cash or to the fiduciary individually or otherwise has reason to know that such proceeds are being used or that the transaction is for the individual benefit of the fiduciary, the issuer is under a duty to inquire into the rightfulness of the transfer." Uniform Commercial Code, American Law Institute, Final Text Edition, November, 1951.