## Weissman v. Weissman et al.

*Roper & Caldwell*, for plaintiff.

*Henry Arronson*, for defendants.

ALESSANDRONI, J., April 20, 1953.—Plaintiff's action in mandamus was instituted to compel defendants to issue a stock certificate replacing one that was either lost or destroyed. After complaint and answer the matter was tried by Smith, P. J., without a jury; a finding was entered for plaintiff; defendants filed exceptions.

The facts of the controversy are as follows: On or about June 14, 1930, plaintiff was issued stock certificate number 3 of defendant corporation for one share of its capital stock. On or about March 7, 1931, A. Weissman, plaintiff's father, assigned and transferred 19 shares to plaintiff, and such transfer was duly noted on the books of the corporation and certificate number 5 for the 19 shares was issued to plaintiff. About 1948 plaintiff lost or mislaid the certificates; he requested defendants to inform him of the requirements of securing a duplicate certificate. After having complied with these requirements defendants refused to issue the duplicate certificate. The individual defendants are president and vice president of defendant corporation. Thereupon, this action followed.

Defendants' answer averred facts which, if established, tended to prove that plaintiff was a trustee of the shares for Bertha Weissman, one of the defendants, and president of defendant corporation. Testimony was introduced on the question of title to the shares. A consideration of the record establishes that

the finding of the title in plaintiff as real owner was supported by the evidence. Defendants now find themselves in an anomalous position. Initially they raised the question of plaintiff's title to the shares; now they argue that the question is beyond the jurisdiction of the court to consider in an action of mandamus, and that no testimony on the question should have been admitted.

Mandamus is an action to compel performance after plaintiff establishes a clear, legal right to performance and a corresponding duty to perform on the part of defendant: Homan v. Mackey et al., 295 Pa. 82. Its scope is limited to the question of the right as a right. It is clear then that the question of title is not properly one to be tried in mandamus. Judgment can only be entered for or against plaintiff for the performance requested. No counterclaim can be asserted: Pa. R. C. P. 1096.

Therefore, if plaintiff must first engage in a controversy over the facts which must be established to form a basis for the performance sought, collateral matters then are raised which can only cloud the main issue: Leff v. N. Kaufman's, Inc., et al., 342 Pa. 342; and Soltz v. Exhibitors' Service Company, et al., 334 Pa. 211, illustrate this proposition. There transferees of shares sought transfer of the shares on the stock books of the corporation. Intervenors claimed ownership of the shares involved. The court held that the record established a substantial dispute over the title of plaintiff, and that was sufficient to bar mandamus. Therefore, plaintiff had not met the burden of proof to obtain mandamus, the establishment of the right and duty.

Those cases however stand on an entirely different footing from the instant case. Here the corporation has raised the question of title. Has the corporation the right to raise the question, and, if raised, is it

a defense? Analytically it would seem that it would not have the right, nor would it be a defense. A reissuance of shares to a registered owner is completely different from a transfer on the books from one owner to another. The variances are so great as to warrant different treatment.

In reissuing shares a corporation does not change its position as it does when it transfers shares. In the latter case the transferee obtains rights which he did not have prior thereto; in the former case, the corporation merely restores the status quo ante, i.e., before the loss. The corporation has but one defense to such an action, that is, irregularity in the proceedings necessary to obtain new shares, under the bylaws or, if they are silent, the Uniform Stock Transfer Act of May 5, 1911, P. L. 126, 15 PS §317. A transfer of shares on the books is a registration of new ownership; the replacement of lost shares is not.

Let us consider the question from another perspective. Suppose the shares were not lost or destroyed. Could the corporation at the suggestion of a third party seek in some appropriate action to contest the registered owner's title? Or, assume that the alleged cestui que trust in this action sought a mandamus to compel the transfer to her of the shares on the corporation's book. Would not the registered ownership of plaintiff defeat the action, even assuming the trust could be established? Under the foregoing it is highly problematical if the alleged cestui que tust could even intervene in an attempt to defeat a mandamus for replacement of shares. The issuance of the new shares to the alleged trustee would have no effect on her rights. Therefore, she would have no basis for intervention. Pa. R. C. P. 2327(4).

Since the corporation has no interest in the shares, the requirements to obtain new ones having been complied with, it has no defense. Replacing the shares

does not affect the liability of the corporation. The bond required of the registered owner is sufficient protection against the contingency of an assignee appearing with the lost or destroyed shares.

If the alleged cestui que trust would seek to establish her rights to the shares, she must do it in another action. The issuance of the replacement shares has absolutely no effect on her rights and hence there is no interest of the cestui que trust that requires protection. The corporation cannot assert her rights, nor could it interplead her to defend her own rights.

Therefore, while the question of title was wrongfully adjudicated, such error does not warrant a change in the decision. The defense raised by defendants should have been attacked in limine. The exceptions taken to the findings relating to the title issue must therefore be sustained, but have no effect on the decision. Plaintiff has discharged his burden not only with respect to the shares, but also as to the right to inspect the books of defendant corporation. The decree granting relief is a sound one both in law and reason.

*Order*

And now, to wit, April 20, 1953, defendants' exceptions 1, 2, 3 and 4 are sustained; exceptions 5, 6, and 7 are dismissed; the court enters the following

*Final Decree*

And now, to wit, April 20, 1953, defendants and each of them are ordered and directed to turn over and surrender to plaintiff two certificates of stock aggregating 20 shares of A. Weissman, Inc., or to execute and deliver to him a certificate of 20 shares of stock of A. Weissman, Inc., and to permit plaintiff full and free access to the books and records of the corporation so that he may ascertain the true financial condition of the corporation.

Costs to be borne by defendants.