

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-13-2005

# Rotshteyn v. Agnati

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2098

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Rotshteyn v. Agnati" (2005). *2005 Decisions*. Paper 556.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/556

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

04-2098
_____

INNA ROTSHTEYN;
EUGENE STONE, CO-ADMINISTRATORS
OF THE ESTATE OF MIKHAIL ROTSHTEYN,
AND IN THEIR OWN RIGHT,

Appellants

v.

AGNATI, S.P.A.; AGNATI AMERICA, INC.;
KLOS CONSTRUCTION, INC.;
UNITED CONTAINER MACHINERY;
VORTX UNITED

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF PENNSYLVANIA
_____

(D.C. Civ. No. 02-cv-06591)
District Judge:  The Honorable Thomas N. O'Neill, Jr.

Submitted Under Third Circuit Rule 34.1(a)

July 12, 2005

Before:  ALITO, BECKER, and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Filed:  September 13, 2005)

_____

OPINION

_____

PER CURIAM:

This is an appeal from an order granting summary judgment in a wrongful death action. We affirm.

Shortly after Mikhail Rotshteyn began to work at Acme Corrugated Box Company's factory in Willow Grove, Pennsylvania, Rotshteyn was crushed to death by a machine called a "downstacker." The downstacker carries loads of cardboard from the corrugating machines down to a conveyor belt on another level of the factory. Rotshteyn apparently walked underneath the downstacker when it descended.

Acme purchased the downstacker from a company in North Carolina, and Klos installed the machine on Acme's premises pursuant to a "letter of engagement and agreement" in which Klos agreed, among other things, to perform the "full and complete installation" of the machine. Klos agreed that the installation would be performed "in accordance with the proposal [it] prepared and provided dated October 25, 2000," but Klos claims that this proposal has been lost.

The plaintiffs, the administrators of Rotshteyn's estate, brought a wrongful death and survival action against Klos and others in state court, alleging, among other things, that Klos was negligent in failing to equip the machine with various safety features and warnings that were required under federal regulations and various industry standards and

2

that would have prevented the accident in question. After the case was removed, the District Court granted summary judgment in favor of Klos. The Court held that the OSHA, ANSI, and ASME standards cited by the plaintiffs did not create a duty because there was no evidence that Klos had agreed to comply with them. The Court also concluded that the plaintiffs had produced no evidence that Acme's contract with Klos required the latter "to provide safety analysis or to install additional safety equipment." App. at 3.

Duty is a necessary element of an action in negligence. See Morena v. S. Hills Health Sys., 462 A.2d 680, 684 n.5 (Pa. 1983). Whether a defendant owes the plaintiff a duty under the facts of the case is a question of law for the court. See Emerson v. Adult Cmty. Total Servs., 842 F. Supp. 152, 155 (E.D. Pa. 1994). Notably, the plaintiffs in this case do not argue that anything Klos did in installing the downstacker was negligent. According to them, Klos's negligence resided in the things it left undone. Under Pennsylvania's common law of tort (and American common law generally), inaction cannot be negligent absent a duty to act. See Wenrick v. Schloemann-Siemag AG, 564 A.2d 1244, 1248 (Pa. 1989). Thus, the plaintiffs may not maintain an action against Klos unless they can show that it had a duty to act.

A duty to act may arise from the common law, by statute, or through contract. See Emerson, 842 F. Supp. at 155 (citing Walker v. Pa. Co. for Ins. on Lives & Granting Annuities, 106 A. 795, 796 (Pa. 1919)). The duty to act is typically founded on some

3

special relationship between the parties that makes the reliance of the one upon the other foreseeable and justified, with the result that the other may fairly be held accountable for its disappointment. See, e.g., Wenrick, 564 A.2d at 1248; Restatement (Second) of Torts § 324A (1965).

The plaintiffs here do not allege that the common law imposed any duty on Klos to equip the downstacker with warnings or safety features, and we reject their argument that such a duty was imposed by statute. While an OSHA regulation can give rise to a duty to act, see Brogley v. Chambersburg Eng'g Co., 452 A.2d 743, 745-46 (Pa. Super. Ct. 1982), the Occupational Safety & Health Act and its regulations focus on employers and employees and generally do not impose duties on third parties such as Klos. See 29 U.S.C. § 654; Barrera v. E.I. Du Pont De Nemours & Co., Inc., 653 F.2d 915, 920 (5th Cir. 1981); Brennan v. Occupational Safety & Health Review Comm'n, 513 F.2d 1032, 1038 (2d Cir. 1975). We see no basis for holding that the particular OSHA regulation cited by the plaintiffs imposed a duty on Klos.

We must also disagree with the plaintiffs' argument that ANSI and ASME standards imposed a duty on Klos. We have found no Pennsylvania case stating that trade association standards can impose legal duties the breach of which would be evidence of negligence. We note that Malloy v. Doty Conveyor, 820 F. Supp. 217, 222 (E.D. Pa. 1993), rejected a similar argument based on an ANSI standard after finding that "[p]laintiffs' evidence does not show that [the defendant] assumed a duty to comply with

4

ANSI B20.1 or that [the defendant] assumed the duty to conduct any safety inspections of the conveyor." The situation is different where a statute or contract that imposes a legal duty incorporates a trade association standard. See Kelly v. Thackray Crane Rental, Inc., 874 A.2d 649, 653-54 (Pa. Super. Ct. 2005). But that is not the situation in this case.

Finally, we agree with the District Court that Klos was not under a contractual duty to take the measures set out by the plaintiffs. Although the plaintiffs claim that Klos had a duty to install sensors that would automatically shut down the downstacker if a worker ever walked underneath it, there is no evidence that Klos's agreement obligated it to redesign or re-engineer the downstacker by adding electrical sensors and other safety devices with which it had not originally been equipped. In fact, the letter of engagement clearly stated that Klos would not be responsible for any electrical installation, which would presumably include the installation of new electrical sensors. We are aware that the letter of engagement obligated Klos to provide all necessary "start-up help, assistance and guidance," but the agreement referred only to the "mechanical[] install[ation]" of the machine, and we note that the plaintiffs have not come forward with any evidence that any Acme official understood the letter as obligating Klos to provide safety instruction. We conclude that the District Court did not err in holding that Klos had no such contractual obligation.

Our conclusion that Klos did not owe a duty to Rotshteyn is not altered by the loss of the proposal incorporated in the letter. If the plaintiffs had some evidence that Klos

5

had willfully destroyed the document, then they would be entitled to the reasonable inference that the document's contents were damaging. But in the absence of such evidence, the plaintiffs' argument that the proposal would have bolstered their case is purely conjectural and speculative, and speculation and conjecture normally cannot forestall summary judgment. See Robertson v. Allied Signal, Inc., 914 F.2d 360, 382 n.12 (3d Cir. 1990). We have considered all of the plaintiffs' arguments and find no ground for reversal.

For these reasons, the order of the District Court is affirmed.